# CHARLESTON.

BLACK *vs.* CAMPBELL.

1873.
January
Term.

WILLIAM E. BLACK, PLT'F., IN THE ACTION, AND DEF'T. IN ERROR, V. ANDREW CAMPBELL, DEF'T. IN THE ACTION, AND PLT'F. IN ERROR.

| | |
|---|---|
| 6 | 51 |
| 66 | 294 |

## SYLLABUS.

A note under seal was executed in favor of Plaintiff by a partner, for himself and co-partner, (but without authority of the co-partner,) in the partnership name, for money loaned the partnership, and with the name of A. C, signed thereto also with a seal annexed; in an action of debt thereon against A. C, by the Plaintiff, A. C, pleaded *non est factum.* HELD:

1. The partner who did not sign the bond, was a competent witness, because his interest was equal between the Plaintiff and Defendant the Defendant, by deed having released him from all liability for costs of that suit.

2. An *addendum* to a proper instruction, to the jury, in the following language: "Or unless the jury should believe from the evidence that the Defendant permitted the said bond to be sent forth, or held out to the Plaintiff, as his (the Defendant's) deed, and thereby induced the Plaintiff to act upon such representation or assurance, in which case the Defendant would be estopped from showing that the bond is not his deed, and that he never executed it." HELD: to be a proper instruction.

3. An instruction to the jury in the following words: "If the jury believe from the evidence that at the time of the execution of the bond, or after the same fell due, the Defendant knew that his name was signed thereto as security, and that the Plaintiff had taken the

bond or was giving indulgence on the same upon the faith of such security, and that the Defendant made no objection thereto, but on the contrary held himself out to the Plaintiff as having signed the bond, and thereby induced the Plaintiff upon the faith of such representation to loan the money for which the bond was given, or to forbear the collection of the same, then the Defendant in such case is estopped from showing that the bond is not his deed, and that he never executed it, and is responsible in law for the payment of the bond, whether he executed it or not, and that the jury in such case ought to find for the Plaintiff." HELD: to be improper, because vague and contradictory, and tending to mislead the jury.

An action of debt instituted in the Circuit Court of Monroe county, on the 24th day of July, 1860, upon the following instrument:

"We promise and oblige ourselves, our heirs, &c., to pay William E. Black the just sum of two thousand five hundred dollars, for value received of him. Given under our hands and seals this 5th day of November, 1853."

ISAAC CAMPBELL & Co.,          SEAL.

ANDREW CAMPBELL,          SEAL.

The declaration alleged that Isaac Campbell, now deceased, in his lifetime, executed said bond by signing his name thereto Isaac Campbell & Co., and that the Defendant executed it by signing his name thereto Andrew Campbell. The office judgment having been confirmed at rules, the Defendant at the September term, 1860, pleaded *non est factum*, upon which issue was joined, and this was the only issue in the case. At the November term, 1866, the cause was tried by a jury and verdict given for the Plaintiff. On the trial the Defendant took two bills of exceptions, which were relied upon in this Court as grounds of error, and are designated in the record as the second and third exceptions of the Defendant. The opinion of the Court sufficiently sets forth the matters contained in these bills of exceptions.

*Price* and *Patton* for Plaintiff in Error:

The Appellant relies upon two grounds of error:

1st. The exclusion of Lewis Campbell's deposition upon the ground of interest. He could not have been sued upon the bond, for the plaintiff alleged in the declaration that Isaac Campbell signed his own name as Isaac Campbell & Co. Lewis Campbell did not seem to have had any connection with the execution of the instrument.

Suppose, however, that he was bound in equity as a partner of Isaac Campbell, who did sign the bond, he could neither gain nor lose by the result of the suit. He would still be bound to Black if Andrew Campbell was released, and if he were not released and had the debt to pay the witness would be bound to pay him. The release of all costs which might be recovered or which might be expended in the defence made the interest of the witness exactly equal on both sides, and where the interests are equal the witness is competent. (Boring vs. Rader, 1 Hen. & Munf., 154; Long vs. Ray, 1 Dana, 430, in point; Braxton vs. Hilyard, 2 Munf., 49; Kelly vs. Lank & Stephens, 7 B. Monroe, 220, similar; 3 Phillips on Ev., 31, and note 2, same page; Craddocks vs. Thornton, 11 B. Monroe, 100; 7 Cranch, 206; Marshall vs. Davis, 1 Wend., 109; Hix vs. Good, 12 Leigh, 491.

2d. The addition to the instructions asked for by the Defendant and the instruction spontaneously given by the Court were erroneous.

The real question before the jury was the verity of the bond. Was it the Defendant's bond or not? If he did not sign it, or authorize any one to sign it for him, or acknowledge it as his, it was not his, and any instruction to the effect that he was bound by it, whether it was his or not, was inapplicable and erroneous. Estoppels are odious in law.—(Coke Litt., 352.) They conclude a man to allege the truth, and are therefore deservedly odious in law, and utterly disregarded in equi-

ty.—(2 Tuck. Com., 257.)   They must be pleaded, or the benefit is lost.—(1 Saund., 325, n. 4; 1 Chitty, 617.) And they must be pleaded with certainty to every intent.—(1 Chitty, 237; Bacon Plead., I., II.)

Here the Court took the whole matter into its own hands, and told the jury that if they believed certain things to be proved they ought to find for the Plaintiff, whether the Defendant ever executed the bond or not. This was carrying out the doctrine of estoppel with a vengeance, although the question only arose upon the evidence before the jury and not upon the pleading. When the estoppel is not pleaded it can only go as evidence of the fact. Here the Court took the question of fact away from the jury, and decided if certain facts were proved they could not look into the fact in issue, and which they were sworn to try.

*Dennis* and *Snyder* for Defendant in Error:

There are but two errors assigned by the Appellant in this case:

The first is, "The exclusion of Lewis Campbell's deposition." This alleged error is based upon the matters set forth in the Defendant's bill of exceptions, No. 2.

Whenever a bill of exceptions is tendered to any opinion of the Court *excluding* evidence from the jury, the party tendering the same must state such a case as will show, affirmatively, the relevancy of the evidence rejected; otherwise the Appellate Court will affirm the judgment, upon the well established rule that it is incumbent on the party seeking to reverse the judgment, to show that there was error—Rowt's Administratrix *vs.* Kile's Administrator, 1 Leigh 216; Carpenter and wife *vs.* Utz *et als.*, 4 Grat. 270; Johnson's Executrix *vs.* Jenning's Administrator, 10 Grat. 1; 4 Wallace, 187.

The bill of exceptions in the case at bar fails to state any facts, whatever, even tending to show that the deposition of Lewis Campbell was relevant to the issue. *De non apparentibus et non existentibus eadem est ratio.—*

1873.
January
Term.

Black
vs.
Campbell.

Broom's Max. (910); 5 Hill's R. 634. In Baring vs. Reder, 1 H. & M. 154, the excluded deposition is made a part of the record and commented on by the Appellate Court. In this the deposition is not made a part of the exception, nor is it in any other way made a part of the record; consequently, it cannot be regarded by this Court.—Garland vs. Bugg, 1 H. & M. 374; Suydham vs. Williamson, 20 How. 427. Therefore, upon the authorities above cited, the judgment of the Court below must be affirmed by the Appellate Court, whatever might have been the views of the latter upon the competency of the witness, had that question been fairly presented by the record.

The Defendant conceded, by tendering a release of costs, that Lewis Campbell was not a competent witness for him without such release. Does the exception show that the witness had been released in such a manner as to make him competent? We think not. The objection of interest proceeds on the presumption that it may bias the mind of the witness.—1 Greenl. on Ev. §429. So in order to relieve the deposition from this objection it must appear, not only that the release was executed and delivered before it was taken, but also, that the witness had notice of the fact before he gave his testimony; for, otherwise, this presumption of bias would not be removed. These facts must appear upon the face of the Record for the reasons already stated, that the Appellant must show the error of which he complains by the facts stated in his exception. Otherwise, this Court will presume the Court below decided correctly.—10 Grat. 1, *Supra.* The exception here does not show whether the release was executed before or after the deposition was taken, nor that the witness had any knowledge of its execution. Janey vs. Blake, 8 Leigh, 92. Nothing to show that the release was completed by delivery and acceptance.—*Id.* A release after the deposition had been taken would not make it competent evi-

1873.
January
Term.

Black
vs.
Campbell.

dence.—Woodward *vs.* Woodson, 6 Munf. 227. This release does not even purport to have been given with reference to this case. It barely recites that it releases costs in a certain suit now pending in the Circuit Court of Monroe county. It neither names the parties to the suit, nor does it state whether it is on the equity or law side of the Court. Suppose this release had been exhibited to the witness, how could he have determined that it applied to this particular action? In United States *vs.* Leffler, 11 Pet. 86, the exception recited that the release had been executed before the witness was examined.—95; 1 Greenl. on Ev. §426. The objection of the Plaintiff to the deposition was general and embraced every possible objection that could be made to it, and therefore the Plaintiff could not be limited in this Court to any particular objection and held to have waived others, notwithstanding the Circuit Court may have given but a single reason for excluding it.

But suppose, that neither of the views above presented is sustained, then the question arises, was Lewis Campbell a competent witness for the Defendant. The bill of exceptions shows that the witness was a partner of the firm of Issac Campbell & Co., and that the bond in suit was executed by Isaac Campbell and the Defendant for money loaned to said firm. In equity, the witness was as fully liable for the debt as if he had signed the bond himself.—*Sale* vs. *Deshman's Executors*, 3 Leigh, 548. His liability, then, was that of a principal in the debt, and his relation to the Defendant was that of principal to the surety. His co-principal and partner was insolvent, and the witness was a non-resident of the State. The law in relation to the competency of witnesses is often controlled by the facts and circumstances in each case, but whatever may be the particular rulings in particular cases, it results from all the authorities that any interest in the event of the suit, whether general or special, indirect or absolute, which is certain in law, however

1873.
January
Term.

Black
vs.
Campbell.

trivial or remote, in fact, will render the witness incompetent to give evidence in favor of the party in whose success he is interested.—*Bridges* vs. *Armour*, 5 How. 91; *Dean* vs. *Speakman*, 7 Blackford, 317; *Butcher* vs. *Forman*, 6 Hill, 583; *Mills* vs. *Lee*, 4 Hill, 549. In *Taylor* vs. *Beck*, the Court stated the rule to be reduced to the question, "Is the witness to gain or lose by the event of the cause.—3 Rand. 320. If the Record can be used for or against him as an instrument of evidence in another action, the witness is incompetent—*Crawford* vs. *Brook*, 4 Gill, 213; *Frank* vs. *Kincaid*, 5 Md. 404—although he may have no direct interest in the event of the suit.—*Van Nuys* vs. *Terhune*, 3 Johns. Cas. 82; 1 Greenl. on Ev. §428. But the interest of the witness in the case at bar is conceded, and the appellant relies upon the rule that when a witness is equally liable to the Plaintiff and Defendant, he will be presumed to stand indifferent between both, and, consequently, may be competent in favor of either. Does the witness sustain that relation to the Plaintiff and Defendant in this case?

In the following cases it was held that a co-obligor or co-contractor, not sued himself, is incompetent to give evidence for those who are sued upon the bond or contract, in consequence of his liability to contribute in the event judgment is obtained by the Plaintiff.—*Pinney* vs. *Bugbee*, 13 Vermont, 623; *Pike* vs. *Blake*, 8 Id. 401; *Spaulding* vs. *Smith*, 1 Fairfield, 363; *Ranson* vs. *Keys*, 9 Cowen, 128; *Grant* vs. *Shurter*, 1 Wend, 150; *Jewett* vs. *Davis*, 6 N. Hampshire, 518; *Cummins* vs. *Coffin*, 7 Iredell, 196; *McCall* vs. *Sinclair*, 14 Ala. 464. This reason applies whenever the relation between the witness and Defendant are such as to make both jointly liable on the cause of action as between themselves, whatever may be their liability towards the Plaintiff.—*Loomis* vs. *Ruetter*, 9 Watts, 516; *Ranson* vs. *Keys*, 9 Cowen, 139; *Moon* vs. *Eldred*, 3 Hill, 106 and note.

In a controversy between the obligor and assignee of
8

1873.
January
Term.

Black
vs.
Campbell.

a bond, the obligee is not a competent witness to prove usury in the bond.—*Wise* vs. *Lamb*, 9 Grat. 294; *Gilliam* vs. *Clay, et al.*, 3 Leigh, 590.

When we apply the principles established by these authorities to the case at bar, it becomes apparent that Lewis Campbell was not a competent witness for the Defendant, even if the question of costs is excluded. As we have seen, the witness was a partner of the firm which owed the debt sued on, and the Defendant was the surety for the debt. The witness did not stand indifferent between the Plaintiff and the Defendant, his surety, for the reasons given in the cases before cited and for the following in addition; the witness being bound, not upon the bond, but only in equity for the debt, the demand of the Plaintiff was barred as to him—his liability to the Plaintiff being upon simple contract, was barred in five years—but not so with the demand of his surety in case he has the debt to pay. The surety would have five years from the time he paid the debt to sue the witness for indemnity.—Ang. on Lim. §§89 and 131; and the witness is interested to prevent the debt from being reduced to a certainty between himself and the Defendant, because, in a suit by the Defendant against him for indemnity, he could not bring in discounts held by him against the Plaintiff, which he could do if he were sued by the Plaintiff directly.—*Cochran* vs. *Cunningham*, 16 Ala. 448.

The money was loaned on the 5th of November, 1853, and the suit was brought on the 24th of July, 1860, nearly seven years thereafter. It was tried on the 21st of November, 1866. Thus it will be seen that thirteen years had elapsed from the date of the bond to the trial. We do not know when the deposition was taken, but certainly after the institution of the suit. Thus it appears, that at the time of the institution of the suit, and at the time Lewis Campbell's deposition was taken, the action was barred as to him; and, being barred, he was under no legal liability to the Plaintiff, and, consequently, has no

1873.
January
Term.

Black
vs.
Campbell.

interest on that side to balance his liability to the Defendant.—*Ludlow* vs. *The Union Ins. Co.* 2 S. & R. 132. But, as between Andrew Campbell (the Defendant) and the witness, the statute would begin to run only from the time the said Andrew (as surety,) paid the money.—Angell on Lim. §131. In the one case he was entirely relieved, both in law and equity; in the other, a judgment for the Plaintiff fixed a liability upon him. How, then, is "his interest equal on both sides?"

The release in this case extends to the costs only, and, therefore, differs, materially, from the case of *Hicks* vs. *Goode,* 12 Leigh, 479 cited by the appellant, *U. S.* vs. *Leffler,* 11 Pet. 86; *Jackson* vs. *Frost,* 6 Johns. 135; *Scott* vs. *Lloyd,* 12 Pet. 145, and other cases in which the release was held sufficient to render the witness competent. In all these cases the release was in the most ample form, *extending to all claim arising out of the matters in controversy,* and embracing every thing which could be recovered against the witness in any manner or subsequent suit.

The second assignment is, that "the addition to the instructions asked for by the Defendant, and the instruction spontaneously given by the Court, were erroneous."

That no man shall take advantage of his own wrong, is fully recognized in all Courts of law and equity, and is one of the most essential elements of an equitable estoppel, or estoppel *in pais,* which, as a principle of law, is founded on the strictest morality. Where one, by his words or conduct, wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is estopped from averring against the latter a different state of things as existing at the same time. Where the acts and representations of the party must have influenced the other to do acts which he would not otherwise have done, and where a denial or repudiation must operate to the injury of such other

1873.
January
Term.

Black
vs.
Campbell.

party, the estoppel is created.—Herman's Law of Estoppel, §323. "Equitable estoppels are always applicable, in cases where an attempt is made to assert a right, subsequently, to the injury of others, which was waived by acquiescence at the time."—Id. §331. "In regard to estoppels *in pais* or equitable estoppels, there is a remarkable difference between this and other kinds of estoppels, that is, that estoppels *in pais* may be relied on in evidence as conclusive without being specially pleaded.—Id. §611. "Judgments *in rem* and equitable estoppels growing out of acts *in pais* constitute an exception to the general rule, (that estoppels must be pleaded,) and will be equally conclusive whether pleaded or given in evidence.—2 Smith's Lead. Cas. 820, (side p. 683,) and cases there cited. In Phila., *W. & B. R. R. Co. vs. Howard*, where the issue was upon the plea of *non est factum*, as in the case at bar, the Court held that if the party have not an opportunity to show the estoppel by pleading, which cannot be done when *non est factum* is pleaded, he may exhibit the matter thereof in evidence on the trial, under any issue which involves the fact, and both the Court and jury are bound thereby.—13 How. (U. S.,) 307–335. It is thoroughly well settled in the United States, that an estoppel will be conclusive *in evidence* whenever there has been no opportunity to take advantage of it by pleading.—2 Sm. Lead. Cas. *Duchess of Kingston's case*, top p., 819. "And this is especially true in regard to estoppels *in pais*, which generally arise out of a great variety of circumstances, that cannot be well set forth, with the precision and brevity required for good pleading."—Id. 820, top p.

The authorities above set forth show that the authorities cited and relied on by the Appellant have no application to the matters involved in the case under consideration. The only issue being upon the plea of *non est factum*, which necessarily concluded to the country, the Plaintiff was prevented from replying new matter, and

1873.
January
Term.,

Black
vs.
Campbell.

unless he could rely upon the estoppel in evidence, he would be deprived of its benefit.—13 How. 335, *supra*. Upon the merits, the instructions were proper. The exception recites, that " evidence had been introduced by the Plaintiff tending to show that *at the time*, as well as after the execution, of the bond, it was *recognized and acknowledged cy the Defendant as his deed and that the Plaintiff had acted thereupon*." It was surely, then, within the power of the Court, under the law governing estoppels *in pais* to instruct the jury, that if they believed the facts, stated in the instructions, had been proven, they ought to find for the Plaintiff, "whether he (the Defendant,) executed the bond or not." There was but a single issue in the case, and the facts stated in the instruction, if true, made a clear case of estoppel; then, if the jury found these facts to be true, the Defendant was estopped from denying that it was his bond, and the question how it became his bond, whether by execution or or otherwise, was immaterial, and no instruction upon an immaterial matter, which does not tend to mislead the jury, can be erroneous. This matter could not mislead the jury, because if they had found that the Defendant had not actually executed the bond, but had found facts which created an estoppel, they must still have found for the Plaintiff.

MOORE, JUDGE:

The Appellant assigns two errors.

1st. The exclusion of Lewis Campbell's deposition upon the ground of interest.

2d. The addition to the instructions asked for by the Defendant, and the instruction voluntarily given by the Court, were erroneous.

1873.
January
Term.
_____
Black
vs.
Campbell.

What Lewis Campbell's deposition was, does not appear, nor is it material, as the objection was not to what he testified to, but to his competency as a witness. It appears, from the statement in the second bill of exceptions, that Lewis Campbell was a member of the firm of Isaac Campbell & Co.; that Isaac Campbell, in his lifetime, signed the firm name of Isaac Campbell & Co. to the bond; that the estate of said Isaac Campbell was insolvent, and that said Lewis Campbell was, at the time of the trial, non-resident of the State; that the Defendant, when he offered the deposition, produced a release, from himself, to said Lewis Campbell, in the following words: "Desiring to take the deposition of Lewis Campbell, to be read as evidence upon the trial of this cause, to that end I hereby release said Lewis Campbell from all costs which may be recovered against me in said suit, and from all costs which I may expend in defending the same. The suit is depending in the Circuit Court of Monroe County, West Virginia. Witness my hand and seal this 13th day of October, 1866.

ANDREW CAMPBELL.          [SEAL.]

Atteste: CHARLES R. CAMPBELL.

The Plaintiff objected to the admission of the deposition, and the Court sustained the objection and excluded the deposition, "upon the ground that the said Lewis Campbell was an interested witness, liable in equity at least, if not in law, for his proportion of the bond in controversy (which bond it was proved was given for money loaned by Plaintiff to the said firm of Isaac Campbell & Co.), and that Defendant's release of all claim on this behalf against said Lewis Campbell did not remove the objection to his competency."

The Defendant excepted to the ruling of the Court.

Whether Andrew Campbell was liable, or not, on the bond, is not a question before this Court.

1873.
January
Term.

Black
vs.
Campbell.

Was Lewis Campbell's interest, in the cause, such as would render him incompetent as a witness?

Judge Roane, in Baring vs. Reeder 1. Hen. & Munf. p. 154, said: "It is an established principle, that all persons are competent witnesses, who have either *no interest* in the *cause*, or whose interest therein hangs *equal* between the parties. * * * On this principle, that an interest on one side is counteracted by an equal interest on the other, it is held, that the acceptor of a bill of exchange is a competent witness in an action against the drawer to prove that he had no effects and thereby prevent the necessity of notice to him; for though by supporting the action against the drawer, he relieves himself from an action at the suit of the holder, he at the same time *gives an action* against himself, at the suit of the drawer, in which the want of consideration will not avail him, but must be proved by another witness.—Peake's L. Ev. 154, 2d ed. On this ground it was held, in the case of Ilderton vs. Atkinson, 4 Term Rep. 480, that if A have received money from B, to pay C, and the question be whether A were the agent of C, he (A) may be called as a witness to prove the agency; as in any event he stood indifferent between the parties, being either liable to *pay* the money to the Plaintiff, or *refund* it to the Defendant."

In the same case, Judge Roane further stated, that, "R. Claiborne stood entirely indifferent between the parties. By giving testimony, and procuring a judgment for Baring in this action, he subjected himself to the action of Reeder, founded on the warranty of his bill of sale; by procuring a verdict and judgment for Reeder, he laid himself liable to Baring's action, to recover the value of *his* goods sold to Reeder." And the learned Judge adds: "But, however, Claiborne might be interested in the *question* contested between the parties in this suit, he is a *competent* witness, if he is not interested in the event of this cause; or if, being interested on one side, he is equally interested on the

1873.
January
Term.

Black
vs.
Campbell.

other." And "the rule now seems to be, that the witness is *competent*, if the proceedings in the cause cannot be used as evidence for him, although he may entertain *wishes* on the subject, and even have occasion to contest the same question, in his own case, in a *future* action."

I have culled, from the opinion of the learned Judge, what I believe to be the principles established by many authorities since the case of Baring *vs.* Reeder; and, as it seems to me, conclusive of the question before us, that Lewis Campbell had no such interest in the cause as would render him incompetent as a witness.

In the case of Van Deusen *et al. vs.* Blum *et al.*, 18 Pickering 229, upon a contract under seal, executed by the Plaintiffs, of the one part, and by Blum, for himself and his co-partner, Thonvenin, by signing the company name, "J. C. Thonvenin & Co.," and annexing a seal there was no evidence that he had any authority to execute the contract in behalf of Thonvenin, or that Thonvenin was present at the execution or ever ratified it. It was *held*, that Thonvenin was not liable on the sealed instrument, but Blum was, and although the Plaintiffs' might have had a remedy upon the contract against him, yet they were not bound to rely upon him alone, as they could proceed against Thonvenin upon their equitable claim for their labor and materials so far as those benefited the company. The same principle, I think, is deducible from Sale *vs.* Dishman's Ex'ors., 3 Leigh 548 ; Weaver *vs.* Tapscott, 9 Leigh 424 ; Galt's Ex'or., *vs.* Calland's Ex'or., 7 Leigh, 594.

Upon the principles thus settled, it cannot be said that Lewis Campbell was *incompetent* as a witness. If he was not liable for the debt, as a member of the firm, at law, nor in equity, certainly he would be a competent witness. If he was, either at law or in equity, liable as a partner for the money advanced by Black, then certainly he would be liable to Andrew Campbell, if judgment went against him. On the other hand, if Black failed to recover against Andrew Campbell, he would have his

1873.
January
Term.

Black
vs.
Campbell.

remedy against Lewis Campbell, by resorting to his equitable claim. Therefore, as his *interest* in the cause hung *equally* between the parties, he was a *competent* witness.

As to the second assignment of error, viz: the addition to the instructions asked for by the Defendant, and the instruction voluntarily given by the Court:

The Defendant asked the following instruction: "If the jury believe from the evidence, that the bond in question was not signed by the Defendant, they must be satisfied that his signature was placed there in his presence and by his authority, or that he afterwards adopted the bond by some act which amounted to a delivery, and that no verbal admission, that he would pay the bond, would amount to such delivery, unless the bond was present at the time, so as to enable him to exercise control of it."

The Court gave the instruction with this addition: "Or unless the jury should believe from the evidence that the Defendant permitted the said bond to be sent forth, or held out to the Plaintiff, as his, (the Defendant's) deed and thereby induced the Plaintiff to act upon such representation or assurance, in which case, the Defendant would be estopped from showing that the bond is not his deed, and that he never executed it."

Although the *addendum* might have been strengthened by the statement, that the Defendant *knowingly* permitted, yet, I think, there can be no reasonable objection to it, even in the language with which it is clothed. If the Defendant permitted the bond to be sent forth, or held out to the Plaintiff the idea that it was his deed, and thereby induced the Plaintiff to change his previous position, and act upon the bond, under the belief that it was the Defendant's deed, certainly the doctrine of estoppel would apply. It seems to me the jury could not have been misled by the language of the *addendum*.

1873.
January
Term.

Black
v.
Campbell.

As to the voluntary instruction : It is not only vague and contradictory, but is contrary to the rule of law and tends to mislead the jury.   If the bond was not the deed of the Defendant, at the time of its delivery, either by his own execution thereof, or ratification if his name was signed by another without authority, it was a forgery, and he should not be held liable under it, by reason of any thing said or done by him after the delivery of the bond to, and acceptance of it by the Plaintiff, not amounting to a delivery by the Defendant; because the Plaintiff, having already acted by accepting the bond, his position would not be altered, as to his rights under that bond, by anything said or done by the Defendant, not amounting to a delivery, thereafter, and especially after the same fell due ;" nor could the denial, or repudiation thereof, by the Defendant, under such facts, operate to the injury of the Plaintiff, and consequently, no estoppel is thereby ·created.   The Court erred in giving the voluntary instruction.

The judgment should be reversed, with costs, and a new trial awarded.

PAULL and MOORE, Judges, concur with HAYMOND, President, in the reasons assigned and points decided.