# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Sheri M. Comer, Plaintiff Below,**
**Petitioner**

**FILED**

January 12, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-0055** (Kanawha County 12-C-51)

**Elizabeth S. Bloch, Defendant Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Sheri M. Comer, by counsel J. David Fenwick, appeals the Circuit Court of Kanawha County's December 13, 2013, order denying her motion for a new trial. Respondent Elizabeth Bloch, by counsel Kirk Lightner, filed a response. On appeal, petitioner argues that the circuit court erred in denying her motion for a new trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 6, 2011, the automobile operated by respondent struck the rear of the automobile operated by petitioner. At the time of the impact, petitioner had stopped her automobile and was waiting to enter traffic, headed eastbound, on MacCorkle Avenue in Charleston, West Virginia.

Following the accident, petitioner filed a complaint alleging negligence and seeking $49,021.67 in economic and non-economic damages. Respondent denied that petitioner's neck and back injuries were a direct and proximate result of the automobile accident. Respondent further argued that petitioner's own acts were comparatively negligent. Thereafter, respondent admitted liability and a jury trial commenced on September 9, 2013. Petitioner presented evidence that she suffered $49,021.67 in damages as a result of the automobile accident.[1] Respondent disputed that petitioner's medical bills were incurred as a direct result of the accident.

The case was submitted to the jury with no objections to the jury instructions. During deliberations, the jury submitted a written question to the circuit court that stated, "Judge Stucky:

---

[1]The record does not contain a copy of the trial transcript or evidence that was submitted in the underlying proceeding.

The jurors would like to ascertain if any or all of the $49,021.67 has been paid by the plaintiff, Sheri M. Comer." After discussing the matter with counsel, the circuit court responded, "You have heard all of the evidence."[2] On September 13, 2013, the jury awarded petitioner $7,502.50, which represented her actual medical expenses to date.

After trial, and pursuant to Rule 59 of the West Virginia Rules of Civil Procedure, petitioner moved for a new trial arguing that the circuit court should have reinstructed the jury because the jury was confused about its role or the applicable law. Respondent objected, arguing that petitioner failed to make an objection on the record and that the jury weighed the evidence and awarded an amount that was attributable to the accident. After conducting a hearing on petitioner's motion, the circuit court entered an order denying her motion. It is from this order that petitioner now appeals.

On appeal, petitioner argues that the circuit court erred in denying her motion for a new trial because the circuit court failed to reinstruct the jury. In support of her position, petitioner maintains that the circuit court was required to reinstruct the jury because the jury was confused about its role or the applicable law.

In terms of our standard of review of the grant or denial of a new trial, we have held:

> This Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *The Burke-Parsons-Bowlby Corp. v. Rice*, 230 W. Va. 105, 736 S.E.2d 338 (2012).

This Court held that "'[w]here it clearly and objectively appears in a criminal case from statements of jurors that the jury has failed to comprehend an instruction on a critical element of the crime or a constitutionally protected right, the trial court must, on request of defense counsel, reinstruct the jury.' Syl. Pt. 2, *State v. McClure*, 163 W.Va. 33, 253 S.E.2d 555 (1979)." *King v. Ferguson*, 198 W.Va. 307, 480 S.E.2d 516 (1996)

After carefully examining the limited record on appeal, as well as the arguments of the parties, we find that the circuit court did not abuse its discretion. The transcript reveals that petitioner's counsel failed to properly request that the jury be reinstructed in accordance with our case law. A new trial should not be granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *In re State Pub. Bldg. Asbestos Litig.*, 193 W.Va. 119, 124, 454 S.E.2d 413 418 (1994). The record does not support that prejudicial error crept into the record or substantial injustice has not been done. While respondent admitted liability, she contested that petitioner's medical bills were proximately

---

[2]Petitioner's counsel suggested that the circuit court should have stated that "[t]he answer to this question is irrelevant."

related to the accident. The conflicting amounts of medical bills that were attributable to the accident was a matter for the jury to decide. After properly considering all of the evidence, the jury returned a verdict for petitioner, but for less than she sought. The fact that the verdict was less than petitioner sought does not mean that the jury was confused about its role, the applicable law, or substantial justice has not been done. For the foregoing reasons, we find no abuse of discretion in the circuit court denying petitioner's motion for a new trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: January 12, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II