# WHEELING.

## STATE *v.* BINGHAM.

Submitted April 1, 1896—Decided June 17, 1896.

1. CONSPIRACY—EVIDENCE—AIDING AND ABBETING.
   Under section 10, chapter 148, Code 1891, a jury may find the fact of combination and conspiracy from the fact that the parties were present, aiding and abetting in the commission of the offense charged, if satisfied of such conspiracy beyond a reasonable doubt. The presumption there authorized is one of law, but not conclusive, and may be rebutted.

2. CONSPIRACY—AIDING AND ABBETING—CONSTITUTIONAL LAW.
   The provisions of said section that if the alleged conspirators are present, aiding and abetting in the commission of the act, it shall be presumed that the act was done in pursuance of conspiracy, is constitutional.

3. CONSPIRACY—INSTRUCTIONS.
   An instruction that, if such conspiracy exist, it is immaterial which was the first aggressor—the conspirators or the injured party—is wrong.

4. INSTRUCTIONS—ERROR.
   Where instructions given clearly and fairly lay down the law of the case, it is not error to refuse other instructions on the same subject. The court need not repeat instructions already substantially given.

McCALLISTER & BLACKWOOD, E. H. FITCH and LACE MARCUM for plaintiff in error. LACE MARCUM cited Code, c. 148, ss. 9, 10; 25 W. Va. 689; Bish. Stat. Crimes, §§ 70, 71, 74, 75, 230, 232; 26 W. Va. 338; 35 W. Va. 278; 11 W. Va. 743; 8 Tex. App. 434-42.

T. S. RILEY, ATTORNEY-GENERAL for the state, cited 3 Greenl. Ev. (6th Ed.) § 93; 1 Greenl. Ev. (11th Ed.) § 2.

BRANNON, JUDGE:

J. M. Bingham, Edmund Fry, and David Flaherty were jointly indicted in the Circuit Court of Cabell county under section 10, chapter 148, Code 1891, called the "Red Men's Act", the indictment charging that they conspired together to inflict bodily injury upon R. B. Yowell, and did, in pursuance of the conspiracy, beat, wound, and greatly injure him. Bingham was tried separately, convicted, and sentenced to the penitentiary for three years, and has brought his case here.

Brief of counsel for the defendant specifies error in the rejection of certain evidence, but no bill of exception was taken on this specific ground, nor was it pointed out as a ground for a new trial when a new trial was asked; and, though I find the matter in the stenographer's report of evidence, no finger pointed the judge to it, either by call for bill of exceptions on that point, or by specification in the motion for new trial, and we do not consider it. *Brown* v. *Pt. Pleasant*, 36 W. Va. 290 (15 S. E. 209); *Gregory's Adm'r* v. *Railroad Co.*, 37 W. Va. 606 (16 S. E. 819); *Halstead* v. *Horton*, 38 W. Va. 727 (18 S. E. 953). The particular evidence must be specified out of the great mass.

Complaint is made that the two instructions following were given at the state's request: Instruction No. 1: "If the jury believe from the evidence that the prisoner, Bingham, in pursuance of an understanding and combination between himself and Edmund Fry and David Flaherty, or either of them, assaulted R. B. Yowell in the night-time, on the street, in the city of Huntington, in this county, for the purpose of whipping him or doing him an injury, and did then and there inflict any punishment or bodily injury upon said Yowell, and the said Fry and Flaherty, or either of them, were present when said assault was so made and injury inflicted by said Bingham, and that they, or either of them, aided or abetted said Bingham in said assault, either by word or action, then they must find the prisoner guilty as charged in the indictment." Instruction No. 2: "The court

further instructs the jury that if they believe from the evidence in this case that the prisoner assaulted and beat R. B. Yowell, and inflicted upon him injury, in this county, on or about the night of November 25, 1895, and that David Flaherty and Edmund Fry were present when said assault was so made by said Bingham upon said Yowell, and that they aided and abetted said Bingham in said assault and battery, either by preventing others from interfering to prevent or stop said assault, or by assisting in administering punishment to said Yowell themselves, then they must presume that said assault was made and such injury inflicted in pursuance of a combination and conspiracy between said prisoner, Fry, and Flaherty; and the burden of proving that such combination and conspiracy did not exist, and that such assault was not made and such injury inflicted in pursuance thereof, is upon the prisoner, and unless he shows by clear, satisfactory, and convincing proof that such combination and conspiracy did not exist, or it appears from the whole evidence and circumstances of the case, then they must find the prisoner guilty."

It is urged against those instructions that they assert the legal proposition that if one person assaults and injures another, and other persons are present, aiding and abetting, the jury may therefore find the fact that they had combined and conspired to do the wrongful act—in other words, find the fact of conspiracy, without other independent proof of conspiracy—whereas there should be proof first of the conspiracy, and then the acts done will be presumed to be done in pursuance of it, and the existence of the conspiracy can not be found merely from the presence of the parties, and the doing of the act by one, and the aiding and abetting by others. It is said that section 9 speaks of a conspiracy, and that section 10 says that if certain acts be done it shall be presumed that they were "in pursuance of such combination or conspiracy"—that is, such a conspiracy as by proof has been established under section 9—and that it does not say it shall be taken to be in pursuance of a conspiracy. I do not think such a construction is the true construction of the statute. The position would do under the common-law, but the

statute intended a change. As stated in *State* v. *Porter*, 25 W. Va. 685, when this act was passed, bands of men under the name of "Red Men," "Regulators," and "White Caps," assuming to take the law into their own hands, and inflict punishment of the most grave character (even death) on those falling under their arbitrary bar of condemnation, afflicted certain sections of the state, and a desperate remedy was needed. They organized in secret, and appeared often in disguise. It was impossible often to establish their conspiracy. It was thought necessary, and not unwise, when these men were found together, engaged in these acts of lawless outrage, to assume that they were executing a pre-arranged programme—a reasonable and natural presumption. The last two clauses of section 10 plainly show this aim and intent. I do not understand that any question is raised of the constitutionality of those clauses declaring that if two or more persons unite in the acts specified in that section, it shall be taken that they are conspirators acting in pursuance of a formed conspiracy, but only a question of their construction is intended to be raised. I shall not, therefore, discuss the constitutional question. An examination has satisfied me that no objection to the act on that score can be raised, as I think will appear form *Board* v. *Merchant*, 103 N. Y. 143 (8 N. E. 484); *People* v. *Cannon*, 139 N. Y 32 (34 N. E. 759); Id., 36 Am. St. Rep. 668, and full note; *Wooten* v. *State*[°](Fla.) 1 L. R. A. 819 (5 South. 39;) *State* v. *Beswick* (*contra*) 13 R. I. 211; *Com.* v. *Williams*, 6 Gray, 1; *State* v. *Higgins*, 13 R. I. 330; *State* v. *Mellor*, Id. 667; 1 Bish. Cr. Proc. § 1090; Whart. Cr. Ev. § 715; Cooley, Const. Lim. 367. In the absence of a statute provision, it might be argued that when several persons unite in violence to another, it is in pursuance of a conspiracy, as it may be argued that the recent possession of stolen goods shows their possessor to be the thief; and these two arguments would rest on principles of logic or probability in the particular cases, and, if a jury should find in favor of those arguments, they would be instances of presumption of fact, not of law—that is, the fact of joint attack or recent possession afforded grounds of presumption that there was conspiracy, or that the possessor of the goods stole them.

This presumption would be one of fact, and not of law. *State* v. *Heaton,* 23 W. Va. 773, 782. The legislature may convert a presumption of fact into one of law, and has done so by this statute, in section 10. Whart. Cr. Ev. §§ 714, 715. But for this conversion of a presumption of fact into a presumption of law, instruction No. 2 would be bad, because it makes what at most would be a presumption of fact a presumption of law, and would make the court invade the province of the jury, by instructing it to give particular effect to particular evidence, as held in *State* v. *Heaton, supra;* but, the law having given it a certain effect, the court may, as a matter of law, tell a jury it has that effect. That it has that effect is, by force of the statute, now a presumption of law. But it is of that class of presumptions of law called provisional or rebuttable presumptions—not conclusive. Other circumstances of the state's case, or evidence adduced by the defendant, may repel that presumption. The door is open to such circumstances or such evidence to repel the presumption of combination or conspiracy. By no provision found in it can we say that it intended to make such presumption conclusive. If we were to construe it as making the presumption conclusive, it would be unconstitutional; but, not so construing it, it is valid. *Vought* v. *State,* 124 Ind. 358 (24 N.E. 680); *State* v. *Thomas,* 47 Conn. 546. These cases and authorities cited above show that such statutes are construed as creating only a rebuttable presumption of law, allowing the defendant to repel it. In general, presumptions of law are rebuttable. 1 Greenl. Ev. § 33; Whart. Ev. §§ 711, 713. And between two constructions we must give that which avoids the conflict with the constitution. *State* v. *Workman,* 35 W. Va. 367 (14 S. E. 9). Objection is made to the words, "satisfactory and convincing proof," in instruction No 2. I would not hold it bad for that cause. Still they intensify the degree of proof, perhaps, and, as the statute uses the word "satisfactory," that would be sufficient.

State's instruction No. 3 is challenged as bad. Instruction No. 3: "If the jury believe from the evidence in this case that J. M. Bingham and Fry and Flaherty, or either Fry or Flaherty, assaulted and injured R. B. Yowell, in said

derstanding entered into by them, either before they reached the place where said assault was committed, or after they reached there, to do said Yowell bodily harm or injury, then it is immaterial who was the aggressor in said conflict, or who brought on said assault and conflict." We hold it bad. Such a conspiracy merely as that charged in the indictment would be indictable under section 9, without acts of execution, and, if the instruction had been limited to a conviction for a misdemeanor, it would be good; but the party was being tried for felony, under section 10. Now, parties may conspire to do a crime, yet not do it. If, under this statute, they stop before its commission, there is no felony. If Bingham and his alleged confederates were on the ground, full bent on executing the alleged conspiracy, yet, before overt act, Yowell in fact made an assault on Bingham justifying self defense, I do not see how Bingham would be guilty of the felony contemplated by the statute. I do not see how the wrong of forming a conspiracy would go so far as to taint his whole action with felony, and take away the right of self defense born of Yowell's act before any overt act of Bingham's towards executing the plan of conspiracy. You could not attribute Bingham's acts, under such circumstances, solely to the conspiracy, and not to the exercise of the right of self defense. Bingham's evidence was that Yowell made the first assault, and delivered a blow with his cane; and it was error to tell the jury as a matter of law, that if even Yowell did so the fact was immaterial. The instruction ought not to have been given.

I think there is no error in refusing defendant's Nos. 4, 5, and 6. No. 4 is bad because it tells the jury that, if not satisfied that a conspiracy existed, they must find not guilty, which would be true as to felony, but not true as to assault and battery, which was a minor offense well charged within the major offense alleged in the indictment. I do not say that Nos. 5, and 6 are bad, but all they contemplated or postulated was covered by Nos. 1, 2, and 3 given for the defendant. A court need not—ought not to—give innumerable instructions. They produce confusion of mind in the jury. Even expert lawyers and judges are scarcely able

county, in pursuance of a combination, conspiracy, or unto discriminate between numerous ones, when properly given. Good cases are often lost in the circuit and appellate courts by instructions better out of them. When instructions given, no matter on which side, fairly and clearly lay down the law of the case, it is not error to refuse others on the same points, though good. Nicholas' Case, 91 Va. 742 (21 S. E. 364). An instruction need not be repeated, if substantially already given. *Kerr* v. *Lunsford*, 31 W. Va. 659 (8 S. E. 493).

Without indicating any opinion on the merits, on the evidence, we reverse the judgment, set aside the verdict, and remand the case for a new trial.