## CHARLESTON.

STATE *v.* JOE COSTA

(No. 5272)

Submitted April 13, 1926.   Decided April 20, 1926.

CRIMINAL LAW—*Argument That Defendant Does Not Explain by His Own Testimony, or by Any Other Means, Certain Facts, Was Error, and Required Reversal (Code, c. 32A, § 31; c. 152, § 19; Const. Art. 3, § 5.)*

The ruling of the trial court in a criminal case permitting the prosecuting officer, over objection of the defendant, to comment before the jury upon the failure of defendant to testify in his own behalf, violates Section 19, Chapter 152, Code, and Section 5, Article III of the Constitution, and constitutes reversible error.

(Criminal Law, 16 C. J. § 2247; 17 C. J. § 3639.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc Not part of syllabi.)

Error to Circuit Court, Marion County.

Joe Costà was convicted of transporting intoxicating liquor, and he brings error.

*Reversed and remanded.*

*Shaw & Shaw*, for plaintiff in error.

*Howard B. Lee*, Attorney General, and *J. Luther Wolfe*, Assistant Attorney General for the State.

LITZ, PRESIDENT:

The defendant was tried and convicted in the criminal court of Marion county on an indictment charging him with the unlawful transportation of intoxicating liquors in violation of Section 31, Chapter 32-A, Code. No proof being offered by the defendant, the case was submitted to the jury on the evidence of the State.

Of numerous errors assigned for reversal, it is asserted that the trial court improperly permitted the assistant prosecuting attorney in violation of Section 19, Chapter 152, Code, to comment upon the failure of the defendant to testify in his

own behalf. The assistant prosecuting attorney, in his argument of the case to the jury, referring to certain incriminating circumstances against the defendant, said: "*He* (the accused) *does not explain by his own testimony,* or by any other means, these facts and circumstances". Prompt objection by counsel for the defendant to this statement was overruled by the trial court.

The argument complained of clearly violates the right of the defendant guaranteed to him under the statute and Section 5 of Article III. of the Constitution; and therefore constitutes reversible error. Discussing the object of this legislative enactment, in *State* v. *Taylor,* 57 W. Va. 228, Judge POFFENBARGER said:

> "It is designed to enforce the common law maxim, now embodied in section 5 of article 3 of the Constitution, called the Bill of Rights, which protects the citizen from being required, in any criminal case, to be a witness against himself. One of the most excellent principles of the common law was that the State took upon itself the burden of proving the guilt of the prisoner. * * * So the law, having brought the prisoner into court against his will, *did not permit his silence to be treated or used as evidence against him.*"

The other assignments of error are without merit.

We reverse the judgment of the trial court, set aside the verdict of the jury, and grant the defendant a new trial.

*Reversed and remanded.*