# CHARLESTON.

STATE *v.* ALVA JONES *et al.*

(No: 6400)

Submitted November 19, 1929. Decided November 26, 1929.

*Harper & Baker* and *Grover F. Hedges,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Alva Jones, was tried, convicted and sentenced to two years and six months in the penitentiary for grand larceny, under an indictment charging him and Howard Hively jointly with the larceny of $30.00 belonging to Susan Walker.

Jones and Hively had been formerly tried and convicted jointly. The judgment sentencing them under that conviction to a term in the penitentiary was reversed, on a former writ of error, because of improper remarks of the trial judge, misconduct of the prosecuting attorney, and the admission of improper evidence on behalf of the state. *State* v. *Howard Hively et al.,* 103 W. Va. 237. After the case was remanded, the defendants severed and a separate trial of Jones, resulting in the judgment complained of, followed. Hively was also re-tried and convicted, and is back in this Court on a second

writ of error. The evidence tending to prove the guilt of Jones and Hively is fully recited in the opinion of the Hively case to be announced contemporaneously herewith, except that the evidence in this case tends to implicate Hively as principal in the first degree and Jones as principal in the second degree. Jones did not testify.

Remarks of the prosecuting attorney, as a witness for the state, reflecting upon the character of Jones; the admission of statements made by Jones before the grand jury as tending to implicate him in the commission of the crime; and argument of counsel for the state that the evidence of the prosecution had not been denied by Jones himself, constitute the chief assignments of error.

Although a general objection to the evidence of William S. Ryan is relied on in the motion for a new trial, the rulings of the trial court on objections to particular parts thereof is neither assigned as error in the motion nor made the subject of special bills of exceptions. The evidence of statements of the defendant as a witness before the grand jury was erroneous. "In a criminal prosecution other than for perjury, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination." Section 20, Chapter 152, Code. "A legal examination as contemplated by section 20, Chapter 152, Code, apparently has reference to any investigation conducted according to and under the authority of law." *State* v. *Stroud*, 107 W. Va. 591.

The statements of counsel complained of violate the letter of section 19, Chapter 152, Code, prohibiting comment upon the failure of the defendant to testify, and the spirit of section 5, Article III of the State Constitution, providing that no person in a criminal case shall be compelled to be a witness against himself.

The judgment is reversed, verdict set aside, and a new trial awarded the defendant.

*Reversed; verdict set aside; new trial awarded.*