CLAYTON BILL PINKERTON

*v.*

P. DOUGLASS FARR, *Judge*

*of the Circuit Court of*

*Pleasants County, West Virginia*

(No. 13593)

Decided December 16, 1975.

224

*Campbell & Hanlon, Gene S. Campbell, David G. Hanlon* for relators.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *Fredric J. George,* Assistant Attorney General, for respondent.

CAPLAN, JUSTICE:

In this original proceeding in prohibition, the relators, Clayton Bill Pinkerton, Charles Pinkerton and George Miller, seek to prohibit P. Douglass Farr, Judge of the Circuit Court of Pleasants County, the respondent, from proceeding with the trial on an indictment charging the

relators with a violation under Chapter 61, Article 6, Section 7, of the *West Virginia Code* of 1931, as amended, sometimes referred to as the Red Men's Act.

On January 13, 1975 the grand jury serving the Circuit Court of Pleasants County returned a two-count indictment, charging in the first count that the relators "did feloniously and unlawfully combine and conspire together for the purpose of inflicting punishment and bodily injury, upon Danny Perry, and that, in pursuance of said combination and conspiracy," the relators feloniously assaulted said Perry with intent to maim, disfigure, disable and kill. The second count, not questioned in this proceeding, charges the relators with felonious assault of Danny Perry.

The relators here contest the constitutionality of *Code* 61-6-7. Under that statute it is a misdemeanor to conspire or combine with another for the purpose of inflicting bodily injury upon any other person or to take or deface property, whether or not any act is done in pursuance of such conspiracy or combination. It is therein further provided that if any person, pursuant to such conspiracy or combination "shall inflict any punishment or bodily injury upon another person * * * he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years * * *." Pertinent to the proper consideration of the relators' contention is the further language in the above statute:

> "If, upon the trial of an indictment hereunder, it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination or conspiracy, in the absence of satisfactory proof to the contrary. And all persons who were present, aiding and abetting, at the commission of any offense mentioned herein, shall be deemed conspirators within the meaning hereof."

In the trial court the relators sought dismissal of the indictment by filing their verified motions to dismiss and quash and also a demurrer to said indictment. Upon the overruling of said motions and demurrer this proceeding was instituted.

It has long been held by the decisions of this Court that prohibition will lie to test the constitutionality of a statute. *Simms v. Dillon,* 119 W. Va. 284, 193 S.E. 331 (1937). Furthermore, it has been decided by this Court that if the statute in question is unconstitutional, prohibition will lie to prevent the prosecution of an offense created by such statute. *State ex rel. Heck's v. Gates,* 149 W. Va. 421, 141 S.E.2d 369 (1965); *Morris v. Sevy,* 129 W. Va. 331, 40 S.E.2d 874 (1946); *Simms v. Dillon, supra.* Accordingly, we hold that prohibition is a proper remedy.

Questioning the constitutionality of *Code* 61-6-7, the relators assert that said statute violates Article III, Sections 5 and 10 of the Constitution of West Virginia and the due process clauses of both the state and federal constitutions. More specifically, they contend that the presumption contained in the questioned statute creates unconstitutionality in the following particulars: (1) It infringes upon an accused's right against self-incrimination; (2) it destroys the presumption of innocence to which an accused is entitled; and (3) it has evidentiary effect which permits conviction by presumption rather than by proof beyond a reasonable doubt.

The right of an accused to be free from self-incrimination is so well grounded in the jurisprudence of our country that citation of cases in support thereof should not be necessary. Constitutional provisions, both state and federal, clearly mandate that such freedom shall be preserved. These provisions expressly provide that no person in any criminal case shall be compelled "to be a witness against himself." *U.S. Const.,* Amend. V; *W. Va. Const.,* Art. III, Section 5.

The statute under consideration, in relation to the instant case, requires a presumption of guilt of conspiracy if the state has proved that the defendant was present and aided and abetted in the felonious assault of the victim, unless the defendant comes forward with proof to the contrary. In other words, if the state proves that the defendant was guilty along with others of felonious assault, he shall be deemed guilty of felonious assault in pursuance of a conspiracy, unless he can prove his innocence of such conspiracy. The penalty for felonious assault is one to five years in the penitentiary or confinement in jail not exceeding twelve months. *W. Va. Code*, 1931, 61-2-9. For the offense of assault in pursuance of a combination or conspiracy the penalty is a term in the penitentiary of from one to ten years. *W. Va. Code*, 1931, 61-6-7.

Clearly, these are two separate and distinct offenses, in the latter of which the statute effects guilt unless the defendant testifies and offers proof to the contrary. That a defendant's right not to testify in a criminal case is protected by the constitutional mandate against self-incrimination has long and repeatedly been affirmed by this Court. *State v. Bragg*, 140 W. Va. 585, 87 S.E.2d 689 (1955); *State v. Jones*, 108 W. Va. 264, 150 S.E. 728 (1929); *State v. Costa*, 101 W. Va. 466, 132 S.E. 869 (1926); *State v. Taylor*, 57 W. Va. 228, 50 S.E. 247 (1905). The syllabus in *State v. Costa, supra,* meaningfully expresses this Court's view, as follows:

> The ruling of a trial court in a criminal case permitting the prosecuting officer, over objection of the defendant, to comment before the jury upon the failure of defendant to testify in his own behalf, violates Section 19, Chapter 152, Code, and Section 5, Article III of the Constitution, and constitutes reversible error.

The statute referred to in the above quoted syllabus is now contained in our *Code* as Chapter 57, Article 3, Section 6 and renders an accused a competent witness if he requests to be examined. However, the statute further provides: "but his failure to testify shall create no presumption against him, nor be the subject of any com-

ment before the court or jury by anyone." This section must be read with *W. Va. Const.*, Art. III, §5. *State v. Bragg, supra.*

Commenting on the object of this statute, the Court in *State v. Taylor, supra,* said:

> It is designed to enforce the common law maxim, now embodied in section 5 of article 3 of the Constitution, called the Bill of Rights, which protects the citizen from being required, in any criminal case, to be a witness against himself. One of the most excellent principles of the common law was that the State took upon itself the burden of proving the guilt of the prisoner. \* \* \* So the law, having brought the prisoner into court against his will, *did not permit his silence to be treated or used as evidence against him.* (Emphasis supplied.) *Id.* at 234-235.

We adhere to the principles above stated and, applying them to the statute in the instant case, hold that such statute, wherein it requires the defendant to testify in order to exonerate himself of guilt of the offense of conspiracy, violates *W. Va. Const.*, Article III, §5 and *U.S. Const.*, Amend. V.

In addition to a defendant's right against self-incrimination, as discussed above, his right to a presumption of innocence throughout his trial is a right that has long been enforced and remains unquestioned in the administration of our criminal law. "It is a well-established principle of the common law ... that a person accused of crime is presumed to be innocent until he is proved guilty. In a criminal prosecution the state has the burden of establishing all the essential elements of the crime with which the accused is charged and must prove his guilt beyond a reasonable doubt. The accused may stand on this presumption of innocence." 29 Am. Jur. 2d, *Evidence,* §225.

Reflecting the unanimity with which the courts and other legal authorities subscribe to the foregoing principle is the language of Mr. Justice White, who, in 1895,

wrote: "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States,* 156 U.S. 432. Reflecting the endurance of this principle as a part of the common law and its import, Mr. Justice White quoted Lord Gillies in *McKinley's case,* 33 St. Tr. 275 (1817) as follows: "I conceive that this presumption is to be found in every code of law which has reason, and religion, and humanity, for a foundation."

In *State v. Reppert,* 132 W. Va. 675, 52 S.E.2d 820 (1949) the Court referred to the right to a presumption of innocence as a *"fundamental* and universally recognized principle of law." (Emphasis supplied.) The Virginia court, in *Elliott v. Commonwealth,* 172 Va. 595, 1 S.E.2d 273 (1939) said: "When confronted with his accuser, he had the *inalienable right* to rely upon the presumption of innocence vouchsafed him by the law, and to cast upon the State the burden of proving his guilt beyond a reasonable doubt." (Emphasis supplied.) *See, State v. Pietranton,* 140 W. Va. 444, 84 S.E.2d 774 (1954); *State v. Foley,* 131 W. Va. 326, 47 S.E.2d 40 (1948) and *State v. Boggs,* 129 W. Va. 603, 42 S.E.2d 1 (1946), all of which strongly support a defendant's right to a presumption of innocence throughout his trial. These are but a few of the legion of cases which adhere to this principle.

The right to a presumption of innocence is so firmly embedded in our law, as demonstrated by the decisive language and unanimity of thought of the huge majority of authorities, that a violation of that right would result in such unfairness as to constitute a deprivation of one's right to due process of law. The "due process of law" clause has not been defined with precision but the United States Supreme Court, in *Hebert v. Louisiana,* 272 U.S. 312 (1926), set out its requirements as follows: "that state action, whether through one agency or another, shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil

and political institutions and not infrequently are designated as 'law of the land.' " *See, Bute v. Illinois*, 333 U.S. 640 (1947). Aside from all else, due process means fundamental fairness.

The statute under constitutional attack, *W. Va. Code*, 1931, 61-6-7, provides, in effect, that if it were proved that two or more persons were present, aiding and abetting, in assaulting a third person, it shall be presumed that they committed the assault pursuant to a conspiracy "in the absence of satisfactory proof to the contrary." The quoted phrase destroys the presumption of innocence, which, as demonstrated above, has been so zealously protected. This conclusion does not require a microscopic analysis when the words of the statute are accorded their plain meaning. A defendant, under that statute, is not presumed innocent of the crime of conspiracy but can be declared innocent only if he provides satisfactory proof of such innocence. Certainly, this is patently contrary to the basic concept of criminal justice, that a person is innocent until proved guilty beyond a reasonable doubt. In *Mullaney v. Wilbur*, U.S., 44 L.Ed.2d 508 (1975) a statute of the State of Maine requires a defendant charged with murder, which, upon conviction, requires a mandatory life sentence, to prove that he acted in the heat of passion on sudden provocation in order to reduce the homicide to manslaughter which carries a lesser penalty. The court held that a state statute requiring the defendant to offer such proof does not comport with the requirement of the due process clause of the Fourteenth Amendment—that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged. The court went on to say that to satisfy that requirement the prosecution in a homicide case must prove beyond a reasonable doubt the absence of the heat of passion or sudden provocation. In other words, the court indicated its strict adherence to the principle that one is entitled to a presumption of innocence until proved guilty beyond a reasonable doubt.

In another case, *In re Winship*, 397 U.S. 358 (1970), the Court affirmed its long-established holding that a finding of guilt must be based upon proof beyond a reasonable doubt and that a statute which permits such finding on a preponderance of the evidence does not meet the constitutional requirements of the due process clause of the Fourteenth Amendment. The Court held that the reasonable-doubt standard has constitutional stature since permitting a finding of guilt and the resulting imprisonment on the same evidence as would suffice in a civil case amounts to a lack of fundamental fairness. Citing a great number of cases, the *Winship* Court said: "Expressions in many opinions of this Court indicate that it has long been assumed that proof of a criminal charge beyond a reasonable doubt is constitutionally required."

In *Leland v. Oregon*, 343 U.S. 790 (1952) Mr. Justice Frankfurter said that "[i]t is the duty of the Government to establish his guilt beyond a reasonable doubt. This notion—basic in our law and rightly one of the boasts of a free society—is a requirement and a safeguard of due process of law in the historic, procedural content of 'due process.' " Although this statement was made in a dissenting opinion, it nonetheless succinctly expresses the law as held by the majority of authorities. The court said in *Davis v. United States*, 160 U.S. 469 (1895) that the requirement of proof beyond a reasonable doubt is implicit in "constitutions ... [which] recognize the fundamental principles that are deemed essential for the protection of life and liberty."

The third ground upon which the relators rely in their attack upon the constitutionality of *W. Va. Code*, 1931, 61-6-7—that the presumption contained therein is given evidentiary effect which permits conviction by presumption rather than by proof beyond a reasonable doubt—is largely covered by the foregoing discussion relating to the presumption of innocence. The proof required by that statute relates to the crime charged, felonious assault in the instant case. Upon proof thereof, guilt of the

crime of conspiracy, a separate and distinct offense, is presumed. As noted above, the state is under a constitutional obligation to prove every essential element of a crime beyond a reasonable doubt. A lesser standard does not afford an accused due process of law under the Fourteenth Amendment. This statute permits a ·finding of guilt by presumption, a standard which is constitutionally unacceptable.

The state contends that the statutory presumption under consideration should be acceptable under the "rational connection" test. It says that if proof of an assault by two or more upon another were proved, "it would seem reasonable to say that it is more likely than not that some form of agreement for concerted action existed." The state then acknowledges that every scuffle and fist fight does not conclusively prove a conspiracy. This position positively demonstrates the danger involved if the presumption is permitted to so operate. The statute would allow a conviction of the offense of conspiracy on any occasion wherein two or more persons became involved in fisticuffs against another. While such an occurrence is abhorrent and cannot be condoned, neither can we approve as constitutional a statute which permits a presumption of guilt of the crime of conspiracy by proving the commission of a separate and distinct offense.

Commenting on the "rational connection" test, the Court in *Leary v. United States,* 395 U.S. 6 (1969), said "that a criminal statutory presumption must be regarded as 'irrational' and 'arbitrary', and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." In accord: *United States v. Romano,* 382 U.S. 136 (1965); *United States v. Gainey,* 380 U.S. 63, 85 S.Ct. 754 (1965); *Tot v. United States,* 319 U.S. 463 (1943). These cases, and many others cited therein, hold that there must be a rational or reasonable connection between the fact proved and the fact presumed. A legisla-

ture may not by statute declare an individual guilty or presumptively guilty of a crime. *McFarland v. American Sugar Refining Co.,* 241 U.S. 79 (1916).

Applying the "rational connection" test, as reflected in *Leary, Romano, Gainey,* and *Tot,* to the statute involved in the case at bar, we fail to discern with substantial assurance that the presumed fact—guilt of conspiracy—is more likely than not to flow from the proved fact—felonious assault. In other words, there is not a rational or reasonable connection between the fact proved and the fact presumed.

The statute in question was enacted in 1882 and was acknowledged by this court to have been a "desperate remedy" to combat "lawless bands of men, known as 'Red Men', 'Regulators', 'Vigilance Committees' " and others, who persistently inflicted punishment upon and destroyed property of innocent people. *State v. Porter,* 25 W. Va. 685 (1885). *See also, State v. Bingham,* 42 W. Va. 234, 24 S.E. 883 (1896). While our crime rate has not abated, the need for such a desperate remedy to combat criminal conspiracy is not in evidence today. The fact that two or more persons assault another, does not give rise to the conclusion that such assault was carried out in pursuance of a conspiracy, unless the existence of such conspiracy is proved beyond a reasonable doubt. The further fact that this may cause a heavy burden upon the prosecution does not lessen that requirement. *Mullaney v. Wilbur,* U.S., 44 L.Ed.2d 508 (1975).

Of further consideration in the determination of the constitutionality of *W. Va. Code,* 1931, 61-6-7 is the last sentence of the second paragraph thereof. It reads: "And all persons who were present, aiding and abetting, at the commission of any offense mentioned herein, shall be deemed conspirators within the meaning hereof." This language constitutes an unequivocal declaration of guilt. If one is present and aiding and abetting in the commission of an assault upon a person, or in the taking

and carrying away, destruction or defacing of property, real or personal, he is, by operation of the statute and without the requirement of any proof whatsoever, guilty of the offense of conspiracy. This portion of the statute does not even create a presumption, but, as aforesaid, is an outright declaration of guilt. There is no rational connection between the mere presence of an individual, even if aiding and abetting, and the commission of any of the multiple offenses mentioned in the statute. The statute in this regard is irrational and arbitrary and hence unconstitutional.

To the extent that *State v. Bingham*, 42 W. Va. 234, 24 S.E. 883 (1896) is inconsistent with the decision of this case, it is hereby overruled.

For the reasons herein stated, *W. Va. Code*, 1931, 61-6-7 is declared to be unconstitutional and the relief prayed for is granted.

*Writite awarded.*