STATE OF WEST VIRGINIA

*v.*

HUBERT NELLO MCCLURE

(No. 13953)

Decided April 10, 1979.

*Stevens & Jackson, C. Joseph Stevens* for McClure.

*Chauncey H. Browning,* Attorney General, *Woodrow H. Berry,* Assistant Attorney General, for State.

PER CURIAM:

On October 19, 1976, the Circuit Court of Lincoln County sentenced the appellant to from one to ten years in the State Penitentiary for breaking and entering.

In this appeal the appellant contends:

1. That the trial court erred in permitting the prosecuting attorney, during closing argument, to indicate that the appellant had introduced no evidence rebutting the State's case, thereby insinuating that the appellant had some duty to take the stand and to testify in his own behalf; and

2. That the trial court erred in not reconvening and reinstructing the jury after the jury had asked the court if the defendant could be required to take the stand and testify.

The State, during the trial of the case, introduced circumstantial evidence linking the appellant with the crime charged. The State also introduced the testimony of Mickie Vannatter, a participant in the crime, who implicated the appellant.

The defense adduced no evidence whatsoever.

After both the State and the defense had rested, the court gave the jury various instructions, including Defendant's Instruction No. 9 which stated, in part:

"... the jurors are instructed that the fact that the defendant did not go upon the witness stand to testify in his own behalf in this case, is not to be looked upon or considered by the jury as any evidence or even a circumstance showing or tending to show his guilt."

The prosecuting attorney concluded his closing argument by saying: "So I say to you, when you take this whole body of evidence that his [Mickie Vannatter's] testimony is uncontradicted. I think you should return a

verdict of guilty as charged in the indictment in this case." At the conclusion of these remarks defense counsel moved for a mistrial on the ground that they would lead the jury to believe that the appellant was under an obligation to take the stand and deny Vannatter's testimony. The trial court denied the motion for mistrial.

After the jury had retired and had considered their verdict for approximately an hour, the court bailiff delivered a message to the judge. That message, from the jury, indicated that they wished to know if there was any way to get the appellant to testify.

Upon learning of the message, defense counsel moved that the instructions be reread. The judge refused and instructed the bailiff to inform the jury that their request could not be honored. Defense counsel renewed his motion, and the court again denied it. Approximately twenty minutes later the jury returned a guilty verdict.

The appellant's first contention is that the prosecutor's remarks during closing argument constituted an impermissible comment on the appellant's failure to take the stand and testify in his own behalf.

*W. Va. Code,* 57-3-6 provides that a defendant's failure to testify shall create no presumption against him and shall not be the subject of comment before the court or jury by anyone.

This Court in *State v. Simon,* 132 W. Va. 322, 52 S.E.2d 725 (1949), held that:

> "In a criminal case, where the defendant has exercized his right not to testify, statements of the prosecuting attorney, in his argument of the case before the jury, that there had been no denial of the testimony introduced by the State, without specific reference to the failure of the defendant to testify, does not come within the inhibition of Code, 57-3-6, . . . ."

After carefully examining the record in this case, we conclude that the prosecutor in his closing remarks did not specifically refer to the appellant's failure to testify,

and that the remarks fall within the class of those held permissible under *Simon.*

The appellant's second contention is that the trial court erred in failing to reconvene and reinstruct the jury after the jury had inquired to determine if there was any way to compel the appellant to take the stand and testify.

A criminal defendant has a constitutionally mandated right against self-incrimination. That right is closely related to the presumption of innocence. *See, State v. Bragg,* 140 W. Va. 585, 87 S.E.2d 689 (1955); *State v. Costa,* 101 W. Va. 466, 132 S.E. 869 (1926).

The Supreme Court of the United States recently held that a state trial court's refusal to give a defendant's requested jury instruction on the presumption of innocence violates his right to a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution. *Taylor v. Kentucky,* _____ U.S. _____, 56 L.Ed.2d 468, S.Ct. (1978).

Long before the ruling of the Supreme Court of the United States in *Taylor,* we held that where an accused in a criminal case did not testify in his own behalf, it was reversible error for the trial court to refuse to give an instruction offered by the defendant stating that the defendant's failure to testify was not to be considered by the jury as a circumstance showing or tending to show his guilt. *State v. Walker,* 94 W. Va. 691, 120 S.E. 171 (1923); *State v. McClung,* 104 W. Va. 330, 140 S.E. 55 (1927).

Our requirement with regard to this instruction develops out of the defendant's constitutionally protected right against self-incrimination and his entitlement to the presumption of innocence.

In the case before us the defendant offered, and the trial court read, in accordance with our holdings in *Walker* and *McClung,* the appellant's instruction that no inferences were to be drawn from his failure to take the

stand. However, the nature of the questions and requests posed by the jury to the judge subsequent to the reading of the instructions demonstrates that the jury failed to comprehend the meaning of this instruction.

We have consistently held, and, indeed, it is axiomatic, that instructions given to the jury should contain clear, distinct, and unambiguous statements of law. Any instruction calculated to mislead the jury, whether it arises from ambiguity or from any other cause ought to be avoided. *See*, many cases, commencing with *Black v. Campbell*, 6 W. Va. 51 (1871).

The implicit, though unarticulated, rationale behind these requirements is that the jury must be clearly and properly advised of the law in order for it to render a true and lawful verdict. The same rationale is apparent in *Taylor v. Kentucky, supra.*

Based on our cases requiring that a jury be clearly and properly advised of the law and the ruling of the Supreme Court of the United States in *Taylor*, we conclude that where it clearly and objectively appears in a criminal case from the statements of the jurors that the jury has failed to comprehend an instruction on a critical element of the crime or a constitutionally protected right, the trial court must on request of defense counsel, reinstruct the jury.

The trial court in this case in denying defense counsel's motion to reread the instructions, after it became apparent that the jury had failed to comprehend the questioned instruction, committed reversible error.

The judgment of the Circuit Court of Lincoln County is, therefore, reversed; the verdict of the jury is set aside; and the case is remanded.

*Reversed and remanded.*