368 S.E.2d 723

**STATE of West Virginia**

v.

**Roger Dale BILLUPS.**

**No. 17926.**

Supreme Court of Appeals of West Virginia.

April 21, 1988.

Debra Archer, Katz, Kantor & Perkins, Bluefield, for Roger Dale Billups.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for State.

PER CURIAM:

The appellant, Roger Dale Billups, was convicted by a jury in the Circuit Court of Mercer County of aggravated robbery and was sentenced to a determinate term of ten years in the penitentiary.[1]  On appeal the appellant contends that the prosecutor made statements that amounted to a comment on his failure to testify and that he was forced to wear physical restraints for a period of time at trial.[2]

On January 3, 1985, at approximately 8:20 p.m., the appellant and William Lawson entered Mike's Mini–Mart, a convenience store in Bluewell, West Virginia. The only employees working at the store that evening were Robin Perkins, a cashier, and Joey Thomas, a bag boy.  The men eventually approached Ms. Perkins and stated that they were unable to find what they were looking for.  Before leaving, William Lawson asked Ms. Perkins if he could "steal a grape."  When she replied "no", he laughed, picked up a grape, put it in his mouth and walked out.

Approximately two hours later, the appellant reentered the store, accompanied by another man, Harvey Lawson.  The men picked up four six-packs of beer and approached the counter, behind which were both Ms. Perkins and Mr. Thomas.  Mr. Lawson then went behind the counter, brandished a knife, and demanded money. In addition to slapping Ms. Perkins and shoving Mr. Thomas, Mr. Lawson swung the knife at Mr. Thomas and placed the knife up to Ms. Perkins' face and threatened to cut her.  After his demand for money had been met, Mr. Lawson ordered the employees to lie on the floor.  He then ripped the phone from the wall and ran from the store.

Throughout these events, and even after Harvey Lawson had departed, the appellant remained stationary and silent in front of the counter with his hand in his jacket pocket "like he had a gun."  A gun, however, was never produced.  Harvey Lawson reentered the store and told the appellant to come with him.  Mr. Lawson then slipped and fell to the floor.  The appellant helped him up, and the two departed in a waiting car.

The appellant, Harvey Lawson, William Lawson and two women were apprehended in McDowell County later that evening.  At the time of his arrest, the appellant had $160.45 in his possession.  According to the store owner's calculations, $707.10 had been taken during the robbery.

The defense rested without presenting any evidence.  During closing arguments, the assistant prosecuting attorney made the following comments to the jury:

At 10:30 on January the 3rd, 1985, this man came into that store wearing a red ski jacket with Harvey Lawson and went back and got some beer.  They walked up to the counter where the two employees were and Roger Dale Billups was standing there as if he had a gun in his pocket, the quite silent one with the red ski jacket on.  They were scared and they gave them the money.  Now, you haven't heard him deny that he was there, have you?  And you haven't heard him deny that the money was on him, have you?

The appellant submits on appeal that the prosecutorial remarks constitute an improper reference to his failure to testify and warrant a reversal of his conviction. We agree.

A criminal defendant's decision to invoke his right not to take the stand, as guaran-

---

1. The appellant's sentence was initially enhanced by 5 years because of his conviction under *W.Va. Code*, 61–11–18 [1984].  The five year enhancement, however, was removed by the trial court because the recidivist hearing was not held within the same term of court as his conviction, as required by *W.Va. Code*, 61–11–19 [1984].

2. The appellant also assigns as error: (1) the trial court's refusal to dismiss the indictment as being defective; (2) the trial court's refusal to strike two jurors for cause; (3) the trial court's refusal to dismiss appellant's court-appointed counsel during the trial; and (4) the trial court's refusal to instruct the jury that it could find the appellant guilty of the lesser-related offense of being an accessory after the fact to armed robbery.  We have examined these assignments of error and find them to be without merit.

teed by the Fifth Amendment to the *U.S. Constitution* and *W.Va. Const.*, Art. III, § 5, cannot be the subject of comment by the State's attorney before a jury. 1923 W.Va. Acts, ch. 152, § 19 (currently codified at *W.Va. Code*, 57-3-6 [1966] ); *State v. Nuckolls*, 166 W.Va. 259, 273 S.E.2d 87 (1980); *State v. Noe*, 160 W.Va. 10, 230 S.E.2d 826 (1976); *State v. Jones et al.*, 108 W.Va. 264, 150 S.E. 728 (1929).

Such a requirement, however, does not deprive a prosecutor from commenting on the lack of evidence refuting the State's assertions. In Syllabus Point 1 of *State v. Clark*, 170 W.Va. 224, 292 S.E.2d 643 (1982) we stated:

'In a criminal case, where the defendant has exercised his right not to testify, statements of the prosecuting attorney, in his argument of the case before the jury, that there had been no denial of the testimony introduced by the State, without specific reference to the failure to testify, does not come within the inhibition of of Code, 57-3-6 ...' Syl. pt. 1, *State v. McClure* [163], W.Va. [33], 253 S.E.2d 555 (1979), quoting Syl. pt. 3, *State v. Simon*, 132 W.Va. 322, 52 S.E.2d 725 (1949).

See also *State v. Angel*, Syl. pt. 4, 173 W.Va. 620, 319 S.E.2d 388 (1984); *State v. Bogard*, 173 W.Va. 118, 312 S.E.2d 782, 785 (1984).

It is only when the defendant, rather than the defense, is singled out for his *personal* failure to present evidence that error arises. In Syllabus Point 5 of *State v. Green*, 163 W.Va. 681, 260 S.E.2d 257 (1979), we held that: "Remarks made by the State's Attorney in closing argument which made specific reference to the defendant's failure to testify, constitute reversible error and defendant is entitled to a new trial."

In *State v. Clark*, 170 W.Va. 224, 292 S.E.2d 643, 646-47 (1982), we noted that: The general rule formulated for ascertaining whether a prosecutor's comment is an impermissible reference, direct or oblique, to the silence of the accused is whether the jury would naturally and necessarily take it to be a reminder that

the defendant did not testify. *United States v. Harbin*, 601 F.2d 773 (5th Cir. 1979); *United States v. Muscarella*, 585 F.2d 242 (7th Cir.1978); *United States v. Anderson*, 481 F.2d 685, 702 (4th Cir. 1973), Aff'd, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *United States ex rel. Leak v. Follette*, 418 F.2d 1266 (2nd Cir.1969), Cert. denied, 397 U.S. 1050, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970); *Hays v. State*, 617 P.2d 223 (Okl.Cr.App.1980).

We find that the prosecutor's comments clearly make specific reference to the appellant's failure to testify, and the jury, upon hearing such comments, would, "naturally and necessarily take it to be a reminder that the [appellant] did not testify." *Id.* We therefore reverse on that ground.

The appellant also assigns as error the fact that he was forced to wear physical restraints while in view of the jury. On the day of the trial, before the jury had been impaneled, the appellant appeared in the courtroom for 15–20 minutes in leg shackles and handcuffs in full view of the prospective jurors. Prior to jury selection, defense counsel moved for a mistrial on the basis of that appearance. Without further discussion on the matter, the trial court overruled the motion.

■ In Syllabus Point 3 of *State v. Brewster*, 164 W.Va. 173, 261 S.E.2d 77 (1979), we stated that: "A criminal defendant has the right, absent some necessity relating to courtroom security or order, to be tried free of physical restraints." Although we declined to elevate the rule to a constitutional level, we did order that the case be remanded to the circuit court with directions that an evidentiary hearing be held to determine if sufficient justification existed to warrant the use of physical restraints. *Id.* 164 W.Va. at 181–183, 261 S.E.2d at 82–83.

The defendant in *Brewster*, unlike the appellant, was forced to wear physical restraints throughout the duration of his trial. This distinction was addressed in *State v. Linkous*, 177 W.Va. 621, 355 S.E.2d 410 (1987). In *Linkous*, the defendant and several other prisoners were brought into the courtroom in handcuffs. The defendant,

who was handcuffed to another prisoner, was released from his restraints shortly after his arrival. Based on these facts, we held that: "Ordinarily, it is not reversible error nor grounds for a mistrial to proceed to try a criminal defendant with a jury panel that may have seen him in handcuffs for a brief period of time prior to trial." *Id.*, syllabus point 2.

The rationale behind this holding is that the transportation of a prisoner from jail to the courthouse may necessitate the use of physical restraints to reduce the chance of escape and protect the public safety. We did note, however, that "the better practice is to remove restraints before a prisoner is brought before the jury." *Id.*, 177 W.Va. at 624, 355 S.E.2d at 413.

We reiterate the concern expressed in *Brewster* regarding the obvious prejudicial effect of the use of physical restraints in a courtroom.[3] In light, however, of our decision to reverse the appellant's conviction on another ground, we need not rule on this issue other than again to articulate the appropriate standard.

The judgment of the Circuit Court of Mercer County is reversed and the case is remanded for a new trial.

Reversed and Remanded.

---

3. "Not only may physical restraints suggest to the jury that the defendant is a dangerous and violent person, but they may also suggest that he has engaged in past criminal acts and may lead the jury to infer that he is capable of having committed the crime for which he is being tried." *State v. Brewster*, 164 W.Va. 173, 180, 261 S.E.2d 77, 81–82 (1979).