590 S.E.2d 664

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Joshua Dean SPRAGUE, Defendant Below, Appellant.**

No. 30966.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Nov. 26, 2003.

Darrell V. McGraw, Jr., Esq., Attorney General, Karen O'Sullivan Thornton, Esq., Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellee.

John S. Folio, Esq., Clarksburg, for Appellant.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Harrison County entered on December 12, 2001. Pursuant to that order, the appellant and defendant below, Joshua Dean Sprague, (hereinafter "appellant"), was convicted by a jury of escape from an institution, malicious assault of a correctional officer, aggravated robbery, and conspiracy to commit escape from an institution. The circuit court imposed a sentence of five years imprisonment for escape from an institution, a three-to-fifteen-year sentence for malicious assault of a correctional officer to run consecutively with the term of imprisonment for escape from an institution, ten years imprisonment

for aggravated robbery to run concurrently with his sentences for escape from an institution and malicious assault of a correctional officer, and a sentence of one-to-five-years for conspiracy to commit escape from an institution to run concurrently with the sentences imposed for his three other convictions. In challenging his conviction, the appellant argues the trial court committed reversible error by trying the case in an improper venue and failing to grant a mistrial when the prosecutor's comments during closing arguments alluded to his failure to testify. He also contends that the charges filed against him were not consistent with the laws of West Virginia. For the reasons that follow, we reverse the appellant's conviction and remand for a new trial.

## I.

### FACTS

It is undisputed that the appellant escaped from a correctional institution and struck a correctional officer during his escape. On July 7, 2000, while an inmate at the West Virginia Industrial Home for Youth on a conviction for grand larceny, the appellant planned an escape with a fellow inmate. Subsequently, the appellant's co-conspirator changed his mind with regard to the attempt of escape. Shortly after 10:00 p.m., the appellant overpowered and attacked a correctional officer knocking him unconscious by striking the officer several times on the head with a fire extinguisher. As a result of the beating, the officer was left bleeding profusely with lacerations to his head, a crushed hand, and a severed finger. The officer spent nearly eight months under doctors' care and underwent extensive therapy.

During the attack, the appellant obtained the Unit door keys from the officer along with the officer's personal keys. The appellant then escaped from the institution. While trailing the appellant in hopes of his capture, the West Virginia State Police K–9 handlers found the appellant's prison shirt with his name tag over the pocket just beside of Long Run Road within Harrison County. The appellant was later apprehended in Covington, Kentucky on August 8, 2000, and

returned to Doddridge County, West Virginia. Pursuant to an administrative order of the Doddridge County Circuit Court dated August 10, 2000, he was transferred to Harrison County for trial on these charges.

## II.

### STANDARD OF REVIEW

The appellant argues that the trial judge's decision not to grant his motion for a mistrial was in error. This Court has indicated that the decision to declare a mistrial and discharge a jury is a matter within the sound discretion of the trial court. *State v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983), citing *State v. Craft*, 131 W.Va. 195, 47 S.E.2d 681, (1948).

Moreover, the appellant challenges the finding of venue in Harrison County. In Syllabus Point 1, *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43 (1999), this Court stated:

> "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

Further, we stated in Syllabus Point 4 of *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996), "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*."

## III.

### DISCUSSION

The appellant raises three assignments of error in his appeal to this Court. We find merit in one of the assigned errors and proceed to discuss that error first.

#### A. *Right Against Self–Incrimination*

■ The appellant contends that the prosecutor improperly alluded to the fact that he did not testify at trial which violated his right against self-incrimination as provided by the Fifth Amendment to the United States Con-

stitution and Article III, Section 5 of the West Virginia Constitution. The appellant's trial counsel objected to these comments and moved for a mistrial arguing that the prosecutor's statements "allud[ed] to the failure of the appellant to testify." The trial court overruled the objection and denied the motion. The portion of closing argument in question is as follows:

Now there's been a lot of talk and I do want to talk to you about venue. The Defendant, as you have noted, as you've seen from this trial, has not contradicted any of the State's evidence or any of the State's testimony basically about the events that occurred at Sta[ ]dard Hall. There — (OBJECTION).

Conversely, the State responds that the prosecutor's comments were clearly related to the fact that the issue being tried was that of venue and not of the crime itself. The State argues that:

The appellant had not during this entire trial contradicted any of the State's evidence regarding the conspiracy, beating, robbery, or escape. He had only contested venue, and that was the only issue the prosecutor alluded to in his remarks. The prosecutor never mentioned the fact that the appellant did not take the stand.

We respectfully disagree with the State's analysis. As the appellant did not testify, no matter what the intention of the prosecutor was, the prosecutor's comments necessarily served to accentuate and highlight the fact that the appellant sat silently without taking the stand, and no matter how harmless the intent, the remarks plainly amount to a comment on the appellant's choice not to testify. W.Va.Code § 57-3-6 (1923) provides that a criminal defendant's decision to invoke his right to not testify as guaranteed by the Fifth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution "shall create no presumption against him, nor be the subject of any comment before the court or jury by anyone." In State v. Taylor, 57 W.Va. 228, 235, 50 S.E. 247, 249 (1905), this Court explained the common law origin of this rule. "So the law, having brought the prisoner into court against his will, did not permit his silence to be treated or used as evidence against him." In this regard, we have stated that:

The general rule formulated for ascertaining whether a prosecutor's comment is an impermissible reference, direct or oblique, to the silence of the accused is whether the language used was manifestly intended to be, or was of such character that the jury would naturally and necessarily take it to be a reminder that the defendant did not testify. United States v. Harbin, 601 F.2d 773 (5th Cir.1979); United States v. Muscarella, 585 F.2d 242 (7th Cir.1978); United States v. Anderson, 481 F.2d 685, 701 (4th Cir.1973), aff'd, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); United States ex rel. Leak v. Follette, 418 F.2d 1266 (2nd Cir.1969), cert. denied, 397 U.S. 1050, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970); Hayes [Hays] v. Oklahoma, 617 P.2d 223 (Okl.Cr.App.1980).

State v. Clark, 170 W.Va. 224, 227, 292 S.E.2d 643, 646–47 (1982).

In State v. Boyd, 160 W.Va. 234, 240, 233 S.E.2d 710, 716 (1977), we explained that,

the basis for the rule prohibiting the use of the defendant's silence against him is that it runs counter to the presumption of innocence that follows the defendant throughout the trial. It is this presumption of innocence which blocks any attempt of the State to infer from the silence of the defendant that such silence is motivated by guilt rather than the innocence which the law presumes.

Thus, we have warned prosecutors to "studiously avoid even the slightest hint as to the defendant's failure to testify." State v. Lindsey, 160 W.Va. 284, 293, 233 S.E.2d 734, 740 (1977) (citations omitted).

Consequently, we have consistently held that: "It is prejudicial error in a criminal case for the prosecutor to make statements in final argument amounting to a comment on the failure of the defendant to testify." Syllabus Point 3, State v. Noe, 160 W.Va. 10, 230 S.E.2d 826 (1976), overruled on other grounds by State v. Guthrie, 194

W.Va. 657, 461 S.E.2d 163 (1995).[1] In Syllabus Point 5 of *State v. Green*, 163 W.Va. 681, 260 S.E.2d 257 (1979), we held: "Remarks made by the State's attorney in closing argument which make specific reference to the defendant's failure to testify, constitute reversible error and defendant is entitled to a new trial." Moreover, in *State v. Nuckolls*, 166 W.Va. 259, 261, 273 S.E.2d 87, 89 (1980) this Court stated: "We have always scrupulously protected the defendant's right not to take the stand under the Fifth Amendment to the *Constitution of the United States* and Article III, Section 5 of the *Constitution of West Virginia.*" See also, *Pinkerton v. Farr*, 159 W.Va. 223, 227, 220 S.E.2d 682, 686 (1975) (citations omitted) ("That a defendant's right not to testify in a criminal case is protected by the constitutional mandate against self-incrimination has long and repeatedly been affirmed by this Court.").

In this case, there is simply no dispute about the import of the prosecutor's comments. We believe that the prosecutor's closing argument constituted a reference to the defendant's election not to testify. As the appellant did not testify, the prosecutor's use of "the *Defendant* . . . has not contradicted" instead of "the *Defense* . . . has not contradicted" describes a very different scenario when presented to the jury. A review of the record indicates that after the appellant's counsel's objection and the subsequent bench conference, where the circuit judge denied the appellant's objection, the prosecutor began his closing argument again "[a]s I was saying, the *Defense Counsel* has not contested. . . ." Thus, notwithstanding the trial judge's failure to sustain the objection, even the prosecutor recognized the impermissibility of his comment and attempted to cure it. Unfortunately, this itself was insufficient under the facts of this case as the prosecutor had already announced that the appellant did not dispute any of the evidence.

The State erroneously relies on *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995), to conclude that the prosecutor's closing argument does not constitute reversible error. In that regard, the State cites Syllabus Point 5 of *Sugg*, where we held that "[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." However, *Sugg* involved a comment made by the prosecutor concerning a piece of evidence. Such a comment is significantly different from a statement about a defendant's failure to testify. Unlike the prosecutor's comments in *Sugg*, the prosecutor's statement in this case clearly prejudiced the appellant. Accordingly, we find that the trial court abused its discretion by denying the appellant's motion for a mistrial following the prosecutor's comments during the closing argument.

## B. Venue

The appellant also argues that his trial should have been held in Doddridge County where the crime occurred and not in Harrison County. We find no merit in the appellant's argument as the evidence overwhelmingly demonstrated that venue was proper in this case in Harrison County.[2]

Article III, Section 14 of the West Virginia Constitution, states, in part, that

**1.** See also, *State v. Swafford*, 206 W.Va. 390, 394, 524 S.E.2d 906, 910 (1999); *State v. Billups*, 179 W.Va. 353, 355, 368 S.E.2d 723, 725 (1988); *State v. Bennett*, 172 W.Va. 131, 134, 304 S.E.2d 35, 38 (1983); *State v. Starcher*, 168 W.Va. 144, 146, 282 S.E.2d 877, 878 (1981); *State v. Self*, 130 W.Va. 515, 518, 44 S.E.2d 582, 584 (1947); *State v. Jones*, 108 W.Va. 264, 266, 150 S.E. 728, 729 (1929); *State v. Costa*, 101 W.Va. 466, 467, 132 S.E. 869, 870 (1926).

**2.** In making his argument that venue was improper in Harrison County, the appellant questions the constitutionality of W.Va.Code § 28–3–1(b) (2002) which declares that venue for any criminal or civil action arising from acts or omissions occurring on the property comprising the

West Virginia Home for Youth shall be in the circuit or magistrate courts of Harrison County. However, in light of W.Va.Code § 61–11–11 and § 61–11–12, as discussed herein, it is not necessary for this Court to address this argument. See, *Matter of Hey*, 192 W.Va. 221, 226, 452 S.E.2d 24, 29 (1994) ("[W]e are mindful of the wisdom expressed in *Ashwander v. Tennessee*, 297 U.S. 288, 346–47, 56 S.Ct. 466, 482–83, 80 L.Ed. 688, 710–11 (1936) (Brandeis, J., concurring), which admonished that courts must not unnecessarily decide constitutional questions. If a case can be decided by the application of general law, a court should forego deciding it on constitutional grounds.").

"[t]rials of crimes ... shall be ... in the county where the alleged offence was committed[.]" In Syllabus Point 2 of *State v. Clements*, 175 W.Va. 463, 334 S.E.2d 600 (1985), we held that "[w]here a crime is committed in more than one county, venue exists in any county in which a substantial element of the offense occurred. W.Va.Code § 61–11–12 (1984)." [3]

In *Clements*, the defendant, who was charged with the murder of two women, asserted that the State failed to prove that venue existed in Ohio County where he was indicted. He maintained that the State could not prove where the two women actually died. In that case, we observed that the two women were last seen alive in Ohio County while the defendant's van was spotted later in Marshall County, and the women's bodies were found in Brooke County. We further explained that the two girls were last seen at a Laundromat in Ohio County while the criminal scheme appeared to have started by removing the women to a more secluded spot. Thus, we concluded that this was evidence that the intent to kill was formed in Ohio County. Since intent is a substantial element of murder, we held that the State adequately proved venue in Ohio County.

W.Va.Code § 61–11–11 (1923) also provides that "[a]n offense committed on the boundary of any two counties may be alleged to have been committed, and may be prosecuted and punished, in either county." In Syllabus Point 5 of *State v. Burton*, 163 W.Va. 40, 254 S.E.2d 129 (1979), we held that "[t]he State in a criminal case may prove the venue of the crime by a preponderance of the evidence, and is not required to prove the same beyond a reasonable doubt." We also provided that while the State has the burden of proving that the crime occurred in the county where the defendant is being tried, that venue can be established by circumstantial evidence. *Burton*, 163 W.Va. at 58, 254 S.E.2d at 140. *See also*, Syllabus Point 2, *State v. Stevenson*, 114 W.Va. 458, 172 S.E.

533 (1933); Syllabus Point 2, *State v. Alderson*, 74 W.Va. 732, 82 S.E. 1021 (1914).

In this case, we believe the State proved by a preponderance of the evidence that the appellant committed the crimes of malicious wounding, conspiracy, aggravated robbery, and escape, in whole or in part, in Harrison County. Several witnesses testified that the Industrial Home for Youth was located in Harrison County, or that portions thereof were in both Harrison and Doddridge counties. Moreover, it was established by the appellant's own witness that the entire complex of the Industrial Home for Youth actually bestrides the boundary, being physically located in one county while some of the complex is located in another county.

The appellant produced Daniel Wheeler, a professional surveyor, as his sole witness during trial. While Mr. Wheeler testified that the Stadard Hall building itself is not physically located in Harrison County based on his measurements, he explained that the grounds of the Industrial Home for Youth straddled the line between Harrison and Doddridge counties. Mr. Wheeler also testified that Long Run Road is partially in Doddridge County and partially in Harrison County and that the Industrial Home grounds border Long Run Road. As such, the testimony of Mr. Wheeler sufficiently fulfills the venue requirement under West Virginia law. Moreover, while trailing the fugitive-appellant in hopes of his capture, the West Virginia State Police K–9 handlers found the appellant's prison shirt with his name tag over the pocket where it had been discarded just beside of Long Run Road within Harrison County.

Based on the above, we find that the State's burden of proof on the issue of venue was satisfied. The jury, by its verdict of guilty, necessarily found by a preponderance of the evidence that these events occurred, in whole or in part, within Harrison County.[4]

---

3. W.Va.Code § 61–11–12 provides:

When an offense is committed partly in one county and partly in one or more other counties within this State, it may be alleged that the offense was committed and the accused may be tried in any one county in which any substantial element of the offense occurred.

4. The appellant also makes a brief final statement portrayed as a third argument asserting that "the charges are not consistent with the

## IV.

## CONCLUSION

For the reasons stated above, we reverse the appellant's conviction and we remand for a new trial.

Reversed and remanded.

Starcher, C.J., concurred and filed a separate opinion.

laws of the State of West Virginia, and are not supported by the evidence and facts adduced at trial." The appellant's general accusation does not discuss this issue with any meaningful specificity or particularity or provide authority to support his contention that the trial court's ruling was erroneous or that the charges were not consistent with the laws of West Virginia. In the absence of such supporting arguments or authority, we deem this assignment of error to have been waived. *See State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are ... mentioned only in passing but are not supported with pertinent authority [ ] are not considered on appeal."); Syllabus Point 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); *Sale ex rel. Sale v. Goldman*, 208 W.Va. 186, 199–200 n. 22, 539 S.E.2d 446, 459–60 n. 22 (2000) (per curiam) (deeming assignment of error that "is terse and lacks any authority to support it" to have been waived); *Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W.Va. 135, 140 n. 10, 506 S.E.2d 578, 583 n. 10 (1998) ("Issues not raised on appeal or merely mentioned in passing are deemed waived." (citation omitted)); *State v. Lilly*, 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("[C]asual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." (internal quotations and citation omitted)).