STATE OF WEST VIRGINIA

*v.*

RICHARD POSTELWAIT, JOHN POSTELWAIT, AND JERALD (JUG) GUM

(No. 13741)

Decided December 20, 1977.

*William C. Garrett, Garrett, Whittier & Garrett,* for plaintiffs in error.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *James B. Hoover,* Assistant Attorney General, for defendant in error.

PER CURIAM:

On May 26, 1975, defendants were convicted in the Circuit Court of Webster County of unlawfully conspiring to inflict injury upon Lemon Cogar, in violation of *W.Va. Code,* 61-6-7, the Red Men's Act.

On December 16, 1975, this Court, in the case of *Pinkerton v. Farr,* W. Va., 220 S.E.2d 682 (1975), declared the Red Men's Act unconstitutional.

The principal question raised on this appeal is whether *Pinkerton v. Farr* should be applied retroactively.

In *Adkins v. Leverette*, W. Va., S.E.2d (1977), this Court, in holding the decision in *Conners v. Griffith*, W. Va., 238 S.E.2d 529 (1977), retroactive, recognized the retroactivity principle set forth in *Hankerson v. North Carolina*, U.S., 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977), that principle being that where the purpose of a new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function, neither good faith reliance on the old law nor severe impact on administrative justice will preclude retroactive application.

We declared the Red Men's Act unconstitutional in *Pinkerton v. Farr* because it destroyed the presumption of innocence of the accused, because it infringed upon the accused's right against self-incrimination, and because it failed to require proof beyond a reasonable doubt as the basis for conviction. The presumption of innocence and the requirement of proof beyond a reasonable doubt are fundamental to the integrity of the trial's fact-finding function. Since our reasons for declaring the Red Men's Act unconstitutional go to the Act's impact on the criminal trial's fact-finding function, we hold that *Pinkerton v. Farr* is deemed fully retroactive.

*Judgment reversed;*
*verdict set aside;*
*remanded with*
*directions to enter*
*judgment of acquittal*