374 S.E.2d 526

**STATE of West Virginia**

v.

**Jeffrey L. CURRY.**

No. 18230.

Supreme Court of Appeals of
West Virginia.

Nov. 4, 1988.

Scot S. Dieringer, Clarksburg, for Jeffrey L. Curry.

Charles G. Brown, III, Atty. Gen., for the State.

---

**PER CURIAM:**

The Circuit Court of Taylor County sentenced the defendant, Jeffrey L. Curry, to from one-to-five years in the State penitentiary for conspiracy to inflict injury to property. On appeal, the defendant claims, among other points, that the statute under which he was convicted, *W. Va. Code*, 61–6–7, commonly referred to as the "Red Men's Act", is, and has been declared, unconstitutional and that his conviction and sentence are thus without legal basis. After reviewing the question this Court agrees and reverses the defendant's conviction.

On August 15, 1985, Joseph Husk discharged a shotgun at the window of a gas station owned by the Mayor of Grafton. The defendant was present at the time. Subsequently the defendant was indicted, along with Mr. Husk, under *W. Va. Code*, 61–6–7, for "infliction of injury to property in pursuance of a conspiracy" by unlawfully and feloniously combining and conspiring together, without a group name, and in the pursuance of such combination and conspiracy.

The defendant's attorney moved to dismiss the indictment on the ground that *W. Va. Code*, 61–6–7, the statute under which the defendant had been indicted, had been declared unconstitutional. The trial court overruled the motion and allowed the case to proceed to trial. At the conclusion of the trial, the jury found the defendant guilty as charged.

In *Pinkerton v. Farr*, 159 W.Va. 223, 220 S.E.2d 682 (1975), this Court examined *W. Va. Code*, 61–6–7, the so called "Red Men's Act." The Court noted that it provided:

> If, upon the trial of an indictment hereunder, it be proved that two or more persons, the defendant being one, were present, aiding and abetting in the commission of the offense charged therein, it shall be presumed that such offense was committed in pursuance of such combination or conspiracy, in the absence of satisfactory proof to the contrary. And all persons who were present, aiding and abetting, at the commission of any of-

fense mentioned herein, shall be deemed conspirators within the meaning hereof. This statute required a presumption of guilt of conspiracy if the State could prove that the defendant was present and aided and abetted in the commission of a crime, unless the defendant could prove his innocence of such conspiracy. The Court concluded that the statute destroyed the presumption of innocence and shifted the burden of proof to the defendant. The Court stated that this was patently contrary to the basic concept of criminal justice. Accordingly the statute was ruled unconstitutional. The Court stated:

> Wherein the presumption contained in *W.Va.Code*, 1931, 61–6–7 destroys the presumption of innocence of an accused; infringes upon his right against self-incrimination; or fails to require proof beyond a reasonable doubt as the basis for a conviction, said statute is unconstitutional.

Syllabus point 2, *Pinkerton v. Farr, supra.*

In subsequent cases the Court reached a similar conclusion and reiterated the declaration that *W.Va.Code*, 61–6–7, was unconstitutional. *Smith v. Oakley*, 159 W.Va. 234, 220 S.E.2d 689 (1975); *State v. Postelwait*, 161 W.Va. 54, 239 S.E.2d 734 (1977).

In the case presently under consideration, this Court believes that the principles discussed in *Pinkerton v. Farr* still apply, that the statute under which the defendant was charged and convicted is unconstitutional, and that the defendant's conviction is thus without legal basis.

The judgment of the Circuit Court of Taylor County is, therefore, reversed; the jury's verdict is set aside; and this case is remanded with directions that the circuit court enter a judgment of acquittal for the defendant.

REVERSED AND REMANDED.