## STATE OF WEST VIRGINIA

*v.*

## FRANKLIN MAYWOOD ROMINE

(No. 14154)

Decided December 16, 1980.

*Larry N. Sullivan* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Thomas N. Trent*, Assistant Attorney General, for defendant in error.

CAPLAN, JUSTICE:

This is an appeal from a final order of the Circuit Court of Wood County. The defendant, Franklin Maywood Romine, was indicted by the grand jury of said county, the indictment containing two counts. The first count charged him with the crime of burglary and the second with rape.

Upon conviction by a jury the court sentenced him to a term of one to fifteen years on the burglary charge and to a twenty year term for rape. Reversible error having been committed, we reverse and remand the case for a new trial.

The principal assignment of error concerns State's Instruction No. 1, the pertinent part of which reveals the error and reads as follows:

> If you find FRANKLIN MAYWOOD ROMINE guilty of rape the law requires that he be punished with death or with confinement in the penitentiary for life, in the discretion of the court, unless you in your discretion find and add to your verdict a recommendation for mercy, and if you in your verdict recommend mercy, the law requires that he be punished with confinement in the penitentiary for not less than five nor more than twenty years.

As in most cases, particularly those involving the charge of rape, the facts are in great dispute. It is the function of the jury to determine the facts from the evidence. It is the responsibility of the court to instruct the jury as to the law to be applied to those facts. Applying the law to such facts, the jury then determines the guilt or innocence of the accused. It clearly follows that if the court's instructions are erroneous as to the law the jury's ultimate finding will likely be erroneous. Therefore, it is imperative that the court's instructions properly inform the jury of the applicable law.

The above quoted portion of State's Instruction No. 1 reflects a wholly erroneous statement of the law. In 1974, when this crime was committed, the penalty for rape was confinement in the penitentiary for life, without the possibility of parole. However, if the jury recommended mercy the penalty was confinement for a term of not less than ten or more than twenty years. The death penalty statute having been repealed in 1965, there was no possibility of such sentence legally having been imposed upon this defendant. Clearly, then, the above instruction was erroneous. We conclude that such error was prejudicial and compels a reversal of the conviction.

In this jurisdiction it has been established that the giving of an erroneous instruction raises a presumption of prejudice. *State v. Mason,* 162 W.Va. 297, 249 S.E. 2d 793 (1978). As stated in *Orndoff v. Rowan,* 156 W.Va. 205, 192 S.E. 2d 220 (1972) and *Hollen v. Linger,* 151 W.Va. 255, 151 S.E. 2d 330 (1966), "An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction." We cannot say with any degree of certainty what effect the erroneous instruction had upon the jury; or, in the language of *State v. Mason, supra,* we cannot "confidently declare beyond a reasonable doubt that such instruction in no way contributed to the conviction or affected the outcome of the trial." The giving of the above instruction as to the possible penalties for the crime of rape was so clearly erroneous that the conviction must be set aside and a new trial must be awarded to the defendant. This Court has consistently held that instructions given to the jury should contain clear, distinct, and unambiguous statements of law. An instruction calculated to mislead the jury, whether it arises from ambiguity or from any other cause ought to be avoided. *State v. McClure,* 163 W.Va. 33, 253 S.E. 2d 555 (1979). See also *State v. Collins,* 154 W.Va. 771, 180 S.E. 2d 54 (1971). The jury must be clearly and properly advised of the law in order to render a true and lawful verdict. *State v. McClure, supra.*

Judge Haymond, in Point 2, Syllabus, *State v. Collins, supra,* stated the proposition very succinctly in the following language: "An instruction which does not correctly state the law is erroneous and should be refused." See *State v. Belcher,___ W.Va. ___,* 245 S.E. 2d 161 (1978); *State v. McArdle,* 156 W.Va. 409, 194 S.E. 2d 174 (1973); *State v. Travis,* 139 W.Va. 363, 81 S.E. 2d 678 (1954); and *Sydenstricker v. Vannoy,* 151 W.Va. 177, 150 S.E. 2d 905 (1966) and cases cited therein.

In view of our decision to reverse the judgment of the Circuit Court of Wood County and remand the case for a new trial, we believe it appropriate to comment on some of the other assignments of error.

State Exhibits numbered 8,9, 10 and 11, should not have been admitted in evidence. In no way were these exhibits connected with the crime charged. Unless there is some connection between the tendered evidence and the crime charged, the evidence should be refused.

The court reporter's transcript is at variance with the final order of the court, the former showing a conviction of robbery and the latter of burglary. The indictment and proof offered at the trial reveal that the charge was burglary, not robbery and that is the offense for which he was sentenced. We find no prejudicial error in that instance.

Other assignments were considered and deemed to be without merit. For the reasons stated the judgment of the Circuit Court of Wood County is reversed and a new trial is awarded.

*Reversed and remanded*
*for a new trial.*