512 S.E.2d 211

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Rodney C. DOMAN, Defendant Below, Appellant.**

No. 24793.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1998.

Decided Dec. 11, 1998.

Raymond H. Yackel, Cindy S. Scott, Morgantown, West Virginia, Attorneys for Appellant.

Darrell V. McGraw, Jr., Attorney General, Molly M. McGinley, Assistant Attorney General, Charleston, West Virginia, Marcia Ashdown, Prosecuting Attorney, Morgantown, West Virginia, Attorneys for the Appellee.

PER CURIAM:

The Circuit Court of Monongalia County sentenced the appellant in this proceeding, Rodney C. Doman, to life in the state penitentiary, without the possibility of parole, for the first degree murder of James Heinze. On appeal, the appellant claims that his conviction should be reversed because the circuit court improperly instructed the jury on when the appellant would be eligible for parole if he received a recommendation of mercy. He also claims that the circuit court erred in denying his motion for a change of venue and that the court erred in allowing the State to introduce into evidence information of prior wrongful acts which he had committed.

### FACTUAL BACKGROUND

On June 9, 1995, the appellant, Rodney C. Doman, in the presence of witnesses, suggested that James Heinze had "narked" on him, or had reported his use or transfer of drugs. The appellant then beat Mr. Heinze severely and had Robert McCabe drive him and another passenger, Jeff Blossen, and James Heinze to a location outside Morgantown, West Virginia. At that location, Mr. McCabe ordered Mr. Blossen to get out of the car and start walking up the road. Later, Robert McCabe and the appellant drove up and picked up Jeff Blossen as he was walking up the road. James Heinze was no longer in the vehicle.

Subsequently, James Heinze's badly beaten body was discovered. The appellant and

Robert McCabe were charged with murder. During the investigation of the case, Mr. McCabe, gave several statements to the State's investigating officers and to the prosecuting attorney.

Prior to trial, the appellant moved for a change of venue, but the trial court denied that motion. During the actual trial, defense counsel objected to the admission of evidence indicating that, on another occasion, the appellant had beaten another individual, James Spitznogle, under circumstances similar to the circumstances of this case. That objection was overruled. Lastly, at the conclusion of the trial, the trial judge, in giving his charge to the jury, stated that: "In the event you make a recommendation of mercy, the Court must sentence him [the appellant] to confinement in the West Virginia State Penitentiary for life, but the defendant, Rodney Doman, shall be eligible to be considered for Parole only after having served a minimum of ten years."

At the conclusion of the trial, the jury found the appellant guilty of first degree murder and did not recommend mercy. As a consequence, the trial court sentenced him to life in the penitentiary. As previously indicated, the appellant claims that the trial court erred in instructing the jury on the effect of a recommendation of mercy. He also claims that the court erred in denying his motion for a change of venue and that the court further erred in introducing evidence of his prior beating of James Spitznogle.

## STANDARD OF REVIEW

The standard of review to be applied by this Court in reviewing an instructional question, such as the one presented in this case, was stated in Syllabus Point 1 of *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996), as follows:

> As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*.

1. It appears that the crime in this case was committed on June 9, 1995. Trial was conclud-

A change of venue issue should be reviewed under an abuse of discretion standard. *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994). Lastly, the prior wrongful act evidence question presented by the appellant on appeal is a question to be decided under the West Virginia Rules of Evidence. In approaching such questions, this Court has indicated that the interpretation of such rules presents a question of law subject to *de novo* review. *State v. Quinn*, 200 W.Va. 432, 490 S.E.2d 34 (1997). On the other hand, the trial court's ruling on the admissibility of such evidence is reviewed under an abuse of discretion standard. *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994).

## DISCUSSION

One of the appellant's principal assignments of error is that the trial court erred in instructing the jury that the appellant would be eligible for parole in ten years if they found the appellant guilty of first degree murder and recommended mercy.

The law in effect at the time of the murder in this case, and at the time of the appellant's trial, clearly provided: "That no person convicted of first degree murder for an offense committed on or after the tenth day of June, one thousand nine hundred ninety-four, shall be eligible for parole until he or she has served fifteen years." W.Va.Code 62–12–13(a)(5).[1] Thus, the instruction given by the trial court was clearly wrong because it improperly instructed the jury that the appellant would be eligible for consideration for parole in ten years rather than the fifteen years provided by W.Va.Code § 62–12–13(a)(5).

In Syllabus Point 2 of *State v. Romine*, 166 W.Va. 135, 272 S.E.2d 680 (1980), this Court stated:

> In a criminal trial, where it is clear that an erroneous instruction was given and this Court cannot confidently declare beyond a reasonable doubt that such instruction in no way contributed to the conviction or affected the outcome of the trial, the con-

ed in February, 1996. The jury returned its verdict on February 23, 1996.

viction must be reversed and a new trial granted.

In the *Romine* case, a situation somewhat analogous to the present case, the law relating to the penalty for rape was changed before the defendant's trial. In *Romine*, the jury was improperly instructed regarding the penalty. This Court in analyzing the situation reiterated our rule that an erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction. *See also, Orndoff v. Rowan*, 156 W.Va. 205, 192 S.E.2d 220 (1972), and *Hollen v. Linger*, 151 W.Va. 255, 151 S.E.2d 330 (1966). In another appeal, *State v. Lindsey*, 160 W.Va. 284, 233 S.E.2d 734 (1977), a first degree murder case, the Court indicated that it was imperative that a jury be properly instructed on the defendant's eligibility for parole.

■ In this trial, it is entirely plausible that the jury might have returned a recommendation of mercy for the appellant had the instructions properly stated that the appellant would be eligible for consideration for parole only after serving fifteen years. An erroneous instruction was plainly given. As such, it cannot be confidently said that the erroneous instruction had no affect on the outcome of the appellant's sentence. Under such circumstances, Syllabus Point 2 of *State v. Romine, supra,* and *State v. Lindsey, supra,* indicates that the appellant's judgment must be reversed. On the other hand, while the improper instruction on the appellant's eligibility for parole might have affected the jury's determination to recommend mercy, we cannot see how the improper instruction affected the jury's underlying conclusion that the appellant was guilty of the crime charged.

■ Recently, in *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996), we held that, "in a trial involving a potential first degree murder verdict, the trial court has discretionary authority to bifurcate the guilt and recommendation-of-mercy inquiries of the jury." In the present case, where the instructional error could not have, in this Court's view, affected the finding of guilt, the Court believes that it would be a waste of judicial resources to require an entirely new trial, rather than to require a limited trial on the recommendation of mercy. Accordingly, we conclude that the judgment must be reversed. Upon remand, the sole question for retrial by a jury is whether the appellant should receive a recommendation of mercy.

■ On appeal, the appellant also claims that the trial court erred in refusing to grant his motion for change of venue from Monongalia County. In support of his motion for change of venue, the appellant relied upon evidence of the results of a telephone survey conducted by a sociologist. Although that survey found that 63% of the 400 persons questioned had heard of the appellant, and 18% had formed an opinion as to his guilt, 82% had not heard of the appellant or had not formed an opinion. During *voir dire*, the prospective jurymen were asked had they formed an opinion as to the appellant's guilt or innocence. Ultimately, the trial judge did obtain a sufficiently large panel of individuals who indicated that they could render an impartial verdict upon the evidence presented.

■ In Syllabus Point 3 of *State v. Derr, supra,* this Court ruled that:

> One of the inquiries on a motion for a change of venue should not be whether the community remembered or heard the facts of the case, but whether the jurors had such fixed opinions that they could not judge impartially the guilt or innocence of the defendant.

In the present case, while the survey showed that a substantial percentage of the people of Monongalia County had heard of the appellant's case, it also showed more than 80% had not heard of nor formed an opinion as to the appellant's guilt or innocence. Furthermore, a large panel was ultimately assembled consisting of individuals who indicated that they could return an impartial verdict upon the evidence presented.

The argument presented by the appellant on appeal is not sufficient to show that it was impossible for him to obtain a fair trial in Monongalia County. Therefore, the trial judge did not abuse his discretion, under the test set forth in *State v. Derr*, in denying the

appellant's motion for change of venue. The Court, therefore, concludes that the case, which must be reversed for the instructional error, should be remanded to Monongalia County.

■ On appeal the appellant also claims that the trial court erred in permitting the State to introduce evidence of prior wrongful acts committed by the appellant.

The testimony about which the appellant complains was the testimony of James Spitznogle. Mr. Spitznogle testified that in 1992 the appellant had beaten him. According to Mr. Spitznogle, the appellant believed that he had informed against a Mr. Crites, a friend of the appellant. Mr. Spitznogle also testified that on the day of Mr. Heinze's death, the appellant asked him to tell Mr. Heinze what happened to people who put out statements on other people.

Rule 404(b) of the West Virginia Rules of Evidence governs the introduction of such evidence. That Rule states:

(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The trial court, in the case presently under review, followed the procedure outlined in *State v. McGinnis, supra,* in analyzing the

Rule 404(b) evidence offered by the State. The court concluded that the evidence was admissible in that it tended to show motive, intent, plan, and mode of operation. The court also determined that the probative value of the statement outweighed the prejudicial effect. Finally, the court instructed the jury that the evidence could be considered only for the limited purpose of determining whether the appellant had acted according to a plan or in a particular manner.[2]

In examining Mr. Spitznogle's testimony, the Court notes that it shows that the appellant had beaten Mr. Spitznogle because the appellant believed that he had informed the authorities about a friend's involvement in alleged drug activity. James Heinze, the victim, was beaten to death, because according to independent evidence, he had reported the appellant's involvement in illegal drug activity. The type of activity, beating by the appellant for reporting illegal drug activity, was remarkably similar in both cases and tends to show that the appellant had acted according to a plan or in a particular manner.

Mr. Spitznogle was affectively cross-examined, and during his own testimony, the appellant admitted that he had previously beaten Mr. Spitznogle, though he claimed he did it because Mr. Spitznogle had called him a liar. Further, the jury was properly informed as to why Mr. Spitznogle's testimony was admitted. The defendant was afforded ample opportunity to present a conflicting picture of its meaning to the jury.

It appears to this Court that the circuit court properly followed the procedures for assessing the admissibility of Mr. Spitznogle's evidence and made the findings required by *State v. McGinnis, supra.* The trial judge did not abuse his discretion in ruling that this evidence was admissible.

2. The court's limiting instruction stated:

With regard to that incident, you are instructed that such evidence is not admitted as proof of the Defendant's guilt on the present charge. The evidence is admitted for a limited purpose only. And it may be considered by you—may be considered by you only in deciding whether a given issue or element relevant to the present charge has been proven.

In this instance, the evidence of that assault in 1992 may be considered by you only for the

purpose of determining whether the State has established intent or a plan. What I may state meaning the same thing as plan, manner or operating; and to some extent, perhaps overlapping, would be an element of motive.

So only in those areas and on those issues may you consider the testimony regarding an incident in 1992, and for no other purpose. And, specifically, you are instructed that it is not admitted as proof of the Defendant's guilt on the present charge.

Thus, this Court cannot find that its admission constituted prejudicial error.

■ Lastly, the Court notes that the appellant claims that the State improperly failed to disclose certain information to his attorney prior to trial and that he was prejudiced by the State's use of such information. The information consisted of a preliminary letter relating to a plea agreement between the State and Mr. McCabe and the results of the polygraph examination of Mr. McCabe by the State.

On September 12, 1995, the appellant requested disclosure of "any statement of any witness that is in this State's possession that related to the subject matter concerning this charge against Rodney Doman." The request was made pursuant to Rule 16 of the Rules of Criminal Procedure. Pursuant to this request, the State disclosed, among other things, statements made by proposed witnesses in the case.

After the appellant made his disclosure request, the State entered plea negotiations with Robert McCabe. Those negotiations resulted in the preliminary letter at issue in this case. That letter indicated that the State would not oppose a statutory sentence of from one-to-five years in prison for Mr. McCabe if he would plead guilty to conspiracy to commit murder and if he would also plead guilty to two unrelated charges. The State's offer was predicated upon Mr. McCabe's successfully completing a polygraph examination. Mr. McCabe's name never appeared on any witness list submitted by the appellant or the State, and he did not subsequently appear as a witness at the appellant's trial.

Rule 16 of the West Virginia Rules of Criminal Procedure governs what is discoverable in a criminal proceeding. That Rule states, in relevant part:

> (F) State witnesses.—Upon request of the defendant, the state shall furnish to the defendant a written list of names and addresses of all state witnesses whom the attorney for the state intends to call in the presentation of the case in chief, together with any record of prior convictions of any such witnesses which is within the knowledge of the state. When a request for discovery of the names and addresses of witnesses has been made by the defendant, the state may be allowed to perpetuate the testimony of such witnesses in accordance with the provisions of Rule 15.
>
> (2) Information not subject to disclosure.—Except as provided in paragraphs (A), (B), (D) and (E) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda or other internal official documents made by the attorney for the state or other state officials in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses except as provided in Rule 26.2.

This rule did not require the disclosure of the items at issue. Since Mr. McCabe was not a witness, and, since he was never identified as a potential witness by either party, the witness provision of Rule 16 does not apply. On the other hand, the Court believes that the items in question fall within the items not subject to disclosure under the Rule.

For the reasons stated, the appellant's conviction is affirmed insofar as it holds the appellant guilty of the crime of first degree murder. The judgment is, however, reversed insofar as it holds that the appellant is not entitled to a recommendation of mercy. This case is remanded for a new trial on the sole question of whether the appellant is entitled to such a recommendation.

Affirmed, in part; reversed, in part; and remanded with directions.

Justice McGRAW did not participate in the decision of this case.