IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

_____

No. 21-0554

_____

FILED

June 12, 2023

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**,
Plaintiff Below, Respondent,

V.

**SHAUNDARIUS REEDER**,
Defendant Below, Petitioner.

_____

Certified Question from the Circuit Court of Monongalia County
The Honorable Susan Tucker, Judge
Criminal Action No. 20-F-122

**CERTIFIED QUESTION ANSWERED**

_____

Submitted: April 19, 2023
Filed: June 12, 2023

Christopher M. Wilson, Esq.
Law Office of
Christopher M. Wilson, PLLC
Fairmont, West Virginia
Attorney for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Michael R. Williams, Esq.
Senior Deputy Solicitor General
Charleston, West Virginia
Attorneys for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.     "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*" Syllabus point 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996).

2.     "The recommendation of mercy in a first[-]degree murder case lies solely in the discretion of the jury. Therefore, it would be improper for the trial court to set aside a jury verdict of first[-]degree murder without a recommendation of mercy in order to give a recommendation of mercy." Syllabus point 7, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992).

3.     "Consistent with the provisions of West Virginia Rule of Criminal Procedure 31, a jury verdict in the mercy phase of a first[-]degree murder trial must be unanimous and the jury should be so instructed regardless of whether a bifurcated or unitary trial occurs." Syllabus point 4, *State v. McLaughlin*, 226 W. Va. 229, 700 S.E.2d 289 (2010).

4.     "The provisions of West Virginia Code § 62-3-15 (2005) do not require that the jury that decides the guilt phase of a first[-]degree murder case must also be the same jury that decides the mercy phase of the case." Syllabus point 6, *State v. McLaughlin*, 226 W. Va. 229, 700 S.E.2d 289 (2010).

i

5.      In a first-degree murder trial, the jury deciding whether the defendant receives mercy must reach a unanimous verdict. If the jury cannot reach a unanimous verdict, then the trial court must declare a mistrial and empanel a new jury to determine whether the defendant should receive mercy.

BUNN, Justice:

The Circuit Court of Monongalia County certified a single question to this Court seeking guidance regarding the scope of the trial court's authority when a jury cannot reach a unanimous verdict on the issue of mercy pursuant to West Virginia Code § 62-3-15 during a first-degree murder trial.[1] We answer it as follows:

> Whether a jury's failure to unanimously decide the recommendation of mercy allows the [c]ircuit [c]ourt to impose the life sentence required for a conviction of First[-]Degree Murder pursuant to West Virginia Code § 61-2-2 and either grant mercy or decline to grant mercy?
>
> Answer: No

## I.

## FACTUAL AND PROCEDURAL HISTORY

In the late evening hours of February 28, 2020, Petitioner Shaundarius Reeder argued with Eric Smith, a WVU sophomore, about which of them drove the nicer car and had more money. Later that same evening, Mr. Reeder and an accomplice followed Mr. Smith back to an apartment where they both fired multiple shots at Mr. Smith who died from his injuries. A Monongalia County Grand Jury subsequently indicted Mr. Reeder on two counts: (1) murder in the first degree pursuant to West Virginia Code § 61-2-1, and

---

[1] West Virginia Code § 62-3-15 pertains to the "[v]erdict and sentence in murder cases."

1

(2) conspiracy to commit murder pursuant to West Virginia Code § 61-10-31.[2] Upon Mr. Reeder's motion, the circuit court bifurcated the guilt and mercy phases of the trial.[3] On June 8, 2021, Mr. Reeder proceeded to a jury trial on the guilt phase. Two days later, the jury unanimously found Mr. Reeder guilty on both counts.

On June 11, 2021, the mercy phase of the bifurcated trial commenced with the same jury. Following the presentation of evidence from Mr. Reeder and the State, the circuit court instructed the jury on the applicable law. During deliberations, the jury presented a question to the court: "What is the process if we cannot come to a decision?" In response, the circuit court called the jury back to the courtroom and instructed the jurors to keep an open mind and to attempt to reach a unanimous verdict, "if possible," "without

---

[2] The parties did not include the indictment in the appendix record; we rely on the circuit court's certification order for this information.

[3] During the guilt phase of the trial, the jury is to consider only whether the defendant is guilty of the crimes charged in the indictment. *See State v. Finley*, 219 W. Va. 747, 749 n.2, 639 S.E.2d 839, 841 n.2 (2006) ("During the guilt phase, the jury determines the guilt or innocence of the accused."). As thoroughly discussed below, while sentencing is typically within the purview of the trial judge, when a defendant is convicted of first-degree murder, a jury decides whether to grant the defendant life with mercy, i.e. a life sentence with the possibility of parole. *See* W. Va. Code § 62-3-15. This is the decision a jury is meant to address during the mercy phase. *See Lister v. Ballard*, 237 W. Va. 34, 41, 784 S.E.2d 733, 740 (2016) ("This Court has addressed the purpose behind the mercy phase of a bifurcated trial, stating, 'the issue during the mercy phase of a bifurcated trial is whether or not the defendant, who already has been found guilty of murder in the first degree, should be afforded mercy, *i.e.*, afforded the opportunity to be considered for parole after serving no less than fifteen years of his or her life sentence.' *State v. Trail*, 236 W. Va. [167, 181], 778 S.E.2d [616, 630 (2015)].").

2

surrendering or sacrificing [their] . . . personal convictions."[4] The jury recessed and then resumed its deliberations on Monday, June 14, 2021.[5] After further deliberation, the jury informed the court that it could not come to a unanimous verdict on whether Mr. Reeder should receive mercy. Outside the presence of the jury, Mr. Reeder's counsel moved for a mistrial and in the alternative asked for a "directed verdict of mercy," reasoning that Mr. Reeder "should get the benefit of the doubt." The court and counsel for both parties discussed how to proceed if the jury was, in fact, unable to reach a unanimous verdict as to mercy. Ultimately, the circuit court discharged the jury,[6] and by order entered on July 7, 2021, certified the above question to this Court and answered it in the affirmative.[7] We

---

[4] Courts often refer to this instruction as an *Allen* charge because it originated from the case of *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896). *See State v. Waldron*, 218 W. Va. 450, 459 n.11, 624 S.E.2d 887, 896 n.11 (2005) ("'The *Allen* charge, often called the "dynamite charge," is a supplemental instruction given to encourage deadlocked juries to reach agreement.' Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure*, Vol. II, page 257 (2nd Ed. 1993)."). *See also* Syl., *State v. Blessing*, 175 W. Va. 132, 331 S.E.2d 863 (1985) (per curiam) ("'Where a jury has reported that it is unable to agree and the trial court addresses the jury urging a verdict, but does not use language the effect of which would be to cause the minority to yield its views for the purpose of reaching a verdict, the trial court's remarks will not constitute reversible error.' Syllabus Point 2, *State v. Johnson*, 168 W. Va. 45, 282 S.E.2d 609 (1981).").

[5] The parties provided only partial transcripts in the appendix record; we rely on the circuit court's certification order for this information.

[6] The certification order indicates that, at this time, Mr. Reeder stands convicted of first-degree murder and conspiracy to commit murder.

[7] The circuit court, through its certification order, acknowledges that the goal of the certified question is to "determine the course of procedure when the [c]ourt encounters a hung jury in the mercy phase of a bifurcated [first-degree murder] trial."

3

accepted the certified question and placed this matter on the docket for argument pursuant to Rule 20 of the West Virginia Rules of Appellate Procedure.

## II.

## STANDARD OF REVIEW

This matter involves a question of law certified by a circuit court. We have held that "[t]he appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*" Syl. pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996).

## III.

## DISCUSSION

The circuit court asserts that when a jury cannot return a unanimous verdict as to mercy in a first-degree murder trial, the judge presiding over the matter should "impose the statutory sentence for [first-degree murder] and [then] determine whether or not to grant mercy." Specifically, the circuit court contends that it has the authority to decide this question because it heard the evidence presented during the mercy phase of trial and it has the ability to grant or decline mercy where a defendant *pleads guilty* to first-degree murder.[8] Both Mr. Reeder and the State disagree with the circuit court's

---

[8] West Virginia Code § 62-3-15 explicitly provides the trial court the authority to decide whether a defendant receives mercy if the defendant pleads guilty to first-degree murder. *See id.* (providing "[t]hat if the accused pleads guilty of murder of the first degree, the court may, in its discretion, provide that such person shall be eligible for

4

position and argue that when a jury finds a defendant guilty of first-degree murder, a jury

has the sole authority to decide whether a defendant receives mercy. We agree with Mr.

Reeder and the State.[9]

To answer this certified question, we must examine West Virginia Code

§ 62-3-15. West Virginia Code § 62-3-15 tempers the life sentence penalty for first-degree

murder,[10] and provides, in relevant part:

> If a person indicted for murder be found by the jury
> guilty thereof, they shall in their verdict find whether he or she
> is guilty of murder of the first degree or second degree. *If the
> person indicted for murder is found by the jury guilty thereof,
> and if the jury find in their verdict that he or she is guilty of
> murder of the first degree*, or if a person indicted for murder
> pleads guilty of murder of the first degree, *he or she shall be
> punished by imprisonment in the penitentiary for life*, and he or
> she, notwithstanding the provisions of article twelve,
> [§§ 62-12-1 et seq.] chapter sixty-two of this code, shall not be

---

parole in accordance with the provisions of said article twelve, and, if the court so provides, such person shall be eligible for parole in accordance with the provisions of said article twelve in the same manner and with like effect as if such person had been found guilty by the verdict of a jury and the jury had recommended mercy, except that, notwithstanding any provision of said article twelve or any other provision of this code to the contrary, such person shall not be eligible for parole until he or she has served fifteen years.").

[9] Mr. Reeder argues that we should answer the certified question in the negative pursuant to both West Virginia Code § 62-3-15 and the Constitutions of the United States and West Virginia. However, this issue may be disposed of on non-constitutional grounds. *See* Syl. pt. 5, *In re Tax Assessments Against Pocahontas Land Corp.*, 158 W. Va. 229, 210 S.E.2d 641 (1974) ("When it is not necessary in the decision of a case to determine a constitutional question, this Court will not consider or determine such question.").

[10] *See* W. Va. Code § 61-2-2 (prescribing "confinement in the penitentiary for life" as punishment for first-degree murder).

5

eligible for parole: *Provided, That the jury may, in their discretion, recommend mercy, and if such recommendation is added to their verdict, such person shall be eligible for parole in accordance with the provisions of said article twelve, except that, notwithstanding any other provision of this code to the contrary, such person shall not be eligible for parole until he or she has served fifteen years*[.]

(Emphasis added).

Relying, in part,[11] on this statutory language this Court has held that "[t]he recommendation of mercy in a first[-]degree murder case *lies solely in the discretion of the jury*. Therefore, it would be improper for the trial court to set aside a jury verdict of first[-]degree murder without a recommendation of mercy in order to give a recommendation of mercy." Syl. pt. 7, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992) (emphasis added). *See also State v. Williams*, 172 W. Va. 295, 307, 305 S.E.2d 251, 263 (1983) ("This statute [W. Va. Code § 62-3-15] clearly places in the jury the discretion to fix the punishment to be imposed upon a finding that an accused is guilty of murder in the first degree."); *Estep v. Ballard*, 502 F. App'x 234, 235 n.1 (4th Cir. 2012) ("West Virginia courts have held that the question of mercy lies solely within the jury's unfettered discretion—to such an extent that a judge may not even suggest factors for consideration."

---

[11] We also relied on Syllabus point 4 of *Schofield v. West Virginia Department of Corrections*, 185 W. Va. 199, 406 S.E.2d 425 (1991), where we held that "[w]hen a circuit court determines in a post-conviction habeas corpus proceeding that assistance of counsel in a homicide was ineffective, the circuit court has no authority to modify the original final judgment to award a recommendation of mercy when none was awarded by the jury that heard the case."

(citations omitted)). As we have consistently reiterated, the statutory language is clear that a jury has the sole discretion to recommend[12] whether a defendant found guilty of first-degree murder receives mercy.[13] *See* Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968) ("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.").

---

[12] While the Legislature used the term "recommend" mercy, the mandatory statutory language demonstrates that the Legislature meant this recommendation to be binding on the trial court. *See* W. Va. Code § 62-3-15 ("[I]f such recommendation is added to their verdict, such person *shall* be eligible for parole in accordance with the provisions of said article twelve, except that, notwithstanding any other provision of this code to the contrary, such person shall not be eligible for parole until he or she has served fifteen years[.]" (emphasis added)). *See also State v. McLaughlin*, 226 W. Va. 229, 233 n.12, 700 S.E.2d 289, 293 n.12 (2010) ("Indeed, in [*State v. ]Miller*, [178 W. Va. 618, 363 S.E.2d 504 (1987),] this Court held in syllabus point one that '[a]n instruction outlining factors which a jury should consider in determining whether to grant mercy in a first[-]degree murder case should not be given.' *Id.* at Syl. Pt. 1. In so holding, the Court noted that '[i]n jurisdictions *where the decision to recommend mercy is left entirely within the discretion of the jury and is made binding on the trial court*, it is uniformly held that an instruction which enumerates instances or suggests when a mercy recommendation might be appropriate is reversible error.' *Id.* at 622, 363 S.E.2d at 508." (some alterations in original) (emphasis added)).

[13] In *Warren H. v. Ballard*, No. 12-0324, 2013 WL 1707675, at *1 (W. Va. Apr. 19, 2013) (memorandum decision), we affirmed a circuit court's denial of habeas corpus relief where, in the underlying kidnapping case, the trial court sentenced the petitioner to life without mercy after the jury deadlocked during the mercy phase of the trial. However, no party raised the issue of whether the jury or the court has the authority to recommend mercy, and so, it was not directly addressed by this Court in the memorandum decision. Also, "[w]hile memorandum decisions may be cited as legal authority, and are legal precedent, their value as precedent is necessarily more limited; where a conflict exists between a published opinion and a memorandum decision, the published opinion controls." Syl. pt. 5, *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014).

7

Following *Triplett*, in *State v. McLaughlin*, the Circuit Court of Greenbrier County certified several questions to this Court pertaining to West Virginia Code § 62-3-15, including whether the jury's verdict must be unanimous in the mercy phase of a bifurcated first-degree murder trial. 226 W. Va. 229, 231, 233-41, 700 S.E.2d 289, 291, 294-301 (2010). We explained that the answer to this question was found in Rule 31 of the West Virginia Rules of Criminal Procedure which provides that "in a criminal trial, '[t]he verdict shall be unanimous.'" *Id.* at 234-35, 700 S.E.2d at 295 (alteration in original). (quoting W. Va. R. Crim. Pro. 31). There is "no limitation in Rule 31 that indicates that it only applies to the guilt phase of trials and not to the mercy phase where bifurcation has occurred." *McLaughlin*, 226 W. Va. at 235, 700 S.E.2d at 295. We held that, "[c]onsistent with the provisions of West Virginia Rule of Criminal Procedure 31, a jury verdict in the mercy phase of a first[-]degree murder trial must be unanimous and the jury should be so instructed regardless of whether a bifurcated or unitary trial occurs." Syl. pt. 4, *McLaughlin*, 226 W. Va. 229, 700 S.E.2d 289.

Because we have concluded that a jury has the sole authority to decide whether a defendant receives mercy during a first-degree murder trial and the mercy verdict must be unanimous, we must next determine the appropriate course if a jury cannot reach a unanimous decision. West Virginia Code § 62-3-7 provides, in pertinent part, that "in any criminal case the court may discharge the jury, when it appears that they cannot agree in a verdict, or that there is manifest necessity for such discharge." W. Va. Code § 62-3-7. Moreover, while we have recognized that a circuit court may bifurcate the guilt phase and

8

the mercy phase in any case where a jury is required to make a finding as to mercy, the same jury need not consider the two phases. Specifically, in *McLaughlin* we held that "[t]he provisions of West Virginia Code § 62-3-15 (2005) do not require that the jury that decides the guilt phase of a first[-]degree murder case must also be the same jury that decides the mercy phase of the case." Syl. pt. 6, *McLaughlin*, 226 W. Va. 229, 700 S.E.2d 289. We explained that "[w]hile it should be a rarity that a different jury is used, it sometimes becomes a necessity . . . where there are no meritorious grounds to overturn the underlying conviction and the defendant is only entitled to a retrial on the mercy phase." *Id.*, 226 W. Va. at 238, 700 S.E.2d at 298.

Pursuant to this authority, when a jury cannot unanimously agree on whether to recommend mercy after returning a guilty verdict for first-degree murder, the trial court must declare a mistrial, discharge the jury, and empanel a new jury to address the question of mercy.[14] Nothing in West Virginia Code § 62-3-15 or our case law conveys to the circuit

---

[14] During oral argument of this matter, a concern arose that in the future, multiple juries could be empaneled in a single case where each jury continues to be unable to return a unanimous verdict as to mercy. While this is a serious concern, as the West Virginia Code is currently written, a jury has the sole authority to return a verdict on the issue of mercy. *See* Syl. pt. 7, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992). Further, that verdict must be unanimous. *See* Syl. pt. 4, *McLaughlin*, 226 W. Va. 229, 700 S.E.2d 289. It is not our place to "arbitrarily . . . read into a statute that which it does not say." Syl. Pt. 11, in part, *Brooke B. v. Ray C.*, 230 W. Va. 355, 738 S.E.2d 21 (2013). This is a policy decision that should be addressed to the Legislature, not this Court. *See* Syl. pt. 2, in part, *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 679 S.E.2d 323 (2009) ("This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation.").

court the authority to make a decision as to a grant of mercy in a jury trial.[15] Consequently, we now hold that in a first-degree murder trial, the jury deciding whether the defendant receives mercy must reach a unanimous verdict. If the jury cannot reach a unanimous verdict, then the trial court must declare a mistrial and empanel a new jury to determine whether the defendant should receive mercy.

## IV.

## CONCLUSION

For the reasons explained herein, we answer the certified question in the negative.[16] We remand this case to the Circuit Court of Monongalia County for further proceedings consistent with this opinion.

---

[15] *See* W. Va. Code § 62-3-15.

[16] After a jury fails to return a unanimous verdict as to mercy in a bifurcated first-degree murder trial and a new jury is empaneled, the only issue before the newly empaneled jury is whether the defendant should receive mercy. The prior unanimous finding of guilt may not be disturbed. *See Finley*, 219 W. Va. at 753, 639 S.E.2d at 845 ("[T]his case is remanded for retrial of the penalty phase by a jury to address the sole question of whether Appellant should receive a recommendation of mercy."); *State v. Doman*, 204 W. Va. 289, 292, 512 S.E.2d 211, 214 (1998) (per curiam) ("In the present case, where the instructional error could not have, in this Court's view, affected the finding of guilt, the Court believes that it would be a waste of judicial resources to require an entirely new trial, rather than to require a limited trial on the recommendation of mercy. Accordingly, we conclude that the judgment must be reversed. Upon remand, the sole question for retrial by a jury is whether the appellant should receive a recommendation of mercy.").

Finally, in matters where a different jury will render the decision as to mercy than the jury who rendered the verdict as to guilt, we have stated that "[s]ince the jury would not have information regarding the guilt phase of the trial, the lower court should exercise reasonable discretion in determining how the circumstances of the commission of

Certified Question Answered.

the crime are to be conveyed to the jury in addition to other evidentiary matters appropriate to the mercy phase that the parties may adduce." *Finley*, 219 W. Va. at 753, 639 S.E.2d at 845.